## Beard v. Wilson

1. STATUTES: *Extending provisions of, by reference.*

    The act of March 4, 1875 [*Mansf. Dig., sec. 3072*] declaring that the sections of Gantt's Digest which provide for the redemption of lands sold under execution [*Mansf. Dig., secs. 3067–3071*] apply to all sales made under decrees in chancery, undertakes to "extend" the provisions of a law "by reference to its title only," in violation of section 23, article 5, of the Constitution, and it is therefore void.

2. REDEMPTION: *From attachment sales.*

    A sale under the judgment of a court of law sustaining an attachment, is not a judicial sale, and where real property is thus sold the right to redeem it within one year thereafter is given by section 3067, Mansfield's Digest, as in case of technical execution sales.

3. EJECTMENT: *Pleadings in.*

    Where, under Mansfield's Digest, section 2632, a complaint in ejectment states facts sufficient to show a *prima facie* title in the plaintiff, an answer thereto which merely denies the plaintiff's title and states no facts showing a defect therein or a superior title in the defendant or in some third person, is insufficient.

4. SAME: *Same.*

To a complaint in ejectment setting out the evidence of title relied on by the plaintiff, the defendant filed an answer containing a general denial of the plaintiff's title and claiming title in himself derived from the same source as that of the plaintiff. Exceptions were sustained to the evidence of title exhibited with the answer and the defendant declined to amend. HELD: That as the answer contained nothing after the exceptions were sustained except a mere denial of the plaintiff's title, it was not sufficient, and a demurrer thereto was properly sustained.

APPEAL from *Lee* Circuit Court.

M. T. SANDERS, Judge.

*U. M. & G. B. Rose,* and *McCulloch & McCulloch,* for appellants.

1. There is no redemption from a purchase under a decree in chancery. The act of March 4, 1875, page 212, is void, because it is an attempt to make a new law by reference only. *Const., art. 5, sec. 23; 49 Ark., 131.*

2. But if the right exists, the existence of a mere right of redemption does not prevent the levy of an attachment or execution upon the interest of the purchaser. This precise question has not been decided by this court, but its decisions point favorably to our contention. *42 Ark., 305; 33 id., 222.* See *31 Cal., 293–594; 36 id., 397; 2 Const., 373; 7 Watts, 437; 8 Watts & S., 188; 28 Penn. St., 169; Freeman on Ex., sec. 193; 40 Me., 589.* The purchaser not only has a title which may be seized on execution, but nothing remains in the judgment debtor that is liable to seizure. *13 Ill., 298; 24 id., 281; 29 Mich., 123.*

3. There is no right of redemption in an attachment debtor. The right is only given in case of mortgages, taxes and executions. Attachment sales are judicial sales, and there is no right of redemption. The property is sold by order of the court, and is of no validity until confirmed by the court, etc. *Rorer on Jud. Sales, secs. 1, 5; 34 Ark., 352; 42 Ark., 305.*

4. It was not necessary for the court to approve of the form of the deed; it was only necessary to confirm the attach-

ment sale.  *Mansf. Dig., sec. 350.*  Only deeds by commissioners in chancery need approval.  *Sec. 5256.*

5.  An answer which directly denies the title of a plaintiff in ejectment and his right to recover is not demurrable.

The plaintiff must recover on the strength of his own title, not on the weakness of his adversary.  *24 Ark., 402; 26 id., 423; 19 id., 201.*  See, also, *2 Greenl. Ev., secs., 303–4; Mansf. Dig., sec. 2635.*  The court, therefore, erred in sustaining the demurrer and in permitting plaintiff to recover without proof of title in herself.

*43 Ark., 296,* is erroneous.  See *Sedg. & W. Trial of Title to Land, sec. 478; Newman on Pl. and Pr., 532; 2 Yaple's Code Pr., 750; Boone Code Pl., sec. 185; Bliss Code Pl., sec. 328.*

*Wm. G. Whipple,* for appellee.

The main question is, was the answer demurrable ?  And this involves several questions.

1.  The master's deed is *prima facie* evidence of good title in plaintiff.  *2 Jones on Mort., secs. 1653, 1637.*

2.  The purchaser at the foreclosure sale may substitute another to receive the deed.  *Ib., sec. 1652.*

3.  The foreclosure was subject to redemption.  *Act March 4, 1875; Mansf. Dig., sec. 3072.*  This act is valid.  It is clearly within the legislative competency to declare the true intent and meaning of other legislative acts.  *Cooley on Const. Lim., star page 93.*  It is not obnoxious to constitutional objection.  *Art. 5, sec., 23; 49 Ark., 134; 31 id., 239; 29 id., 252.*

4.  But if the sewing machine company still had an interest in the land, it was not subject to attachment.  The same rule governs, in this particular, attachments and executions.  *Drake Att., sec. 232.*  The interest of such a purchaser is an equitable estate.  *Freeman on Ex., sec. 193.*

But the interest of a purchaser at a foreclosure sale, prior to the master's deed and during redemption, is not an estate, neither a *jus ad rem* nor *a jus in re,* but only a lien.  He is not entitled to possession, nor can he maintain ejectment.

See 2 *Jones on Mortg.*, *sec. 1661, etc.* The interest of a mortgagee before or after entry is not attachable. *Drake Att.*, *sec. 235.* Nor has a vendor, who has given bond for title and received full payment, an interest subject to execution. *Freeman on Ex.*, *sec. 181; 21 N. H., 347.*

5. The deed to Roots by the Sheriff was premature and void. *Freeman on Ex.*, *sec. 316; 27 Cal., 238.* If this was an execution sale, it is clear the right of exemption exists. *Mansf. Dig.*, *sec. 3067.* An attachment sale of real estate is in the nature of an execution sale. It is by the Sheriff. *Mansf. Dig.*, *sec. 347.* The court is not the vendor. A Sheriff's sale is not a judicial sale ordinarily. *Rorer on Jud. Sales (2d ed.)*, *sec. 590; 18 Vt., 394.* An attachment is but a preliminary execution. The land was sold on a special *fi. fa.* See *Waples on Att.*, *p. 523; Rorer Jud. Sales.*, *secs. 593, 590–8; 47 Ark., 133.*

6. A general denial of ownership is not a good pleading. *43 Ark., 299, 305; Mansf. Dig.*, *sec. 5072; Estee Pl.*, *vol. 2, p. 911.*

HUGHES, J. Appeal from Lee Circuit Court. The appellee filed her complaint, claiming title to and right to possession of land described therein, and alleging that appellant, Beard, was in unlawful possession thereof. As evidence of title she exhibited with her complaint a deed for the land, executed to her on the 29th day of April, 1886, by a commissioner in chancery, who had sold the same under a decree in chancery, in the United States Circuit Court for the Eastern District of Arkansas, against said Beard, in favor of the Wilson Sewing Machine Company, of Chicago, Ill., which company had purchased the land at the sale by said commissioner, and received a certificate of purchase from him, which it had transferred to the appellee, Henrietta Wilson, and upon which her deed was made. The deed had been approved by the court, and recorded.

Appellees in their answer denied the ownership and right of possession of the plaintiffs, averred ownership and possession in appellant, Roots, and admitted that Beard was in posses-

sion as his tenant.   As evidence of his title, Roots exhibited
with the answer a deed executed to him for the land, by the
Sheriff of Lee County, on the 24th day of September, 1887,
based upon a purchase of said land by Roots, on the 6th day
of December, 1886, which had been made by said Sheriff pur-
suant to the judgment and order of said Circuit Court rendered,
and made respectively on the 8th day of May, 1886, and the
26th day of October, 1886, in a cause then pending in said
court, wherein G. W. Hull, as receiver of the Wilson Sewing
Machine Company, of Wallingford, Conn., was plaintiff, and said
Wilson Sewing Machine Company, of Chicago, Ill., was defend-
ant, in which cause a general attachment was issued on the
25th day of March, 1885, and levied upon the land in contro-
versy on the 25th day of the same month.

Exceptions to the documentary evidence exhibited with
the answer of defendants were sustained by the court, upon the
ground that the Sheriff's deed filed therewith was executed
within one year from the Sheriff's sale at which appellant, Roots,
became the purchaser of the land.   Defendant excepted, and de-
clining to plead further, a demurrer to the answer was inter-
posed, in short, upon the record, upon the ground that (since
exceptions were sustained to the documentary evidence ex-
hibited with the said answer), it did not state facts sufficient to
constitute a defense to the action.   The demurrer was sus-
tained, and defendants excepted and declined to plead further.
The court found for the plaintiff, impaneled a jury to assess
damages upon the return of their verdict, rendered judgment
for the plaintiff for recovery of the land and for damages, to
which defendants excepted and appealed.

Did the right of redemption from the chancery sale above
referred to exist?

1. STAT-
UTES:
Extend-
ing provis-
ions of by
reference.

The act of the General Assembly of the 4th of March, 1875,
in reference to the right of redemption from sales under de-
crees in equity is as follows :

" SECTION 1. *Be it enacted by the General Assembly of the State of Arkansas,* That it was and is the true intent and meaning of sections 2696, 2698, 2699 and 2700 should and does apply to all sales of real estate made and had under and by virtue of decrees of chancery courts, in the same manner as they did to sales under executions at law."

This act evidently refers to the sections above named of Gantt's Digest, in reference to the right of redemption from execution sales; otherwise it can have no intelligible meaning or application. The language is ungrammatical, but bad grammar does not vitiate.

Is this act constitutional?

Section 23, of article 5, of the Constitution of 1868, which is substantially the same as section 23, of article 5, of the Constitution of 1874, declares : " No act shall be revised, amended, or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revised, amended, extended or conferred, shall be re-enacted and published at length."

The same provision is a part of the Constitution of the State of Pennsylvania. In considering the constitutionality of an act of the Legislature of that State, relating to the lien of mechanics and others upon buildings, passed June 17, 1887, the Supreme Court of Pennsylvania held the act unconstitutional, upon the ground that it undertook to extend and confer the benefits of the acts of 1836 and 1845 to a large class of claimants, which the courts had held not to be within their provisions, by reference to their titles only, without the re-enactment of a single one of the provisions so extended. The court said : " It would be difficult to imagine a plainer violation of the constitutional provision. *Titusville Iron Works v. Keystone Oil Co., 122 Pa., 627.* See *14 Hunn., 438; Watkins v. Eureka Springs, 49 Ark., 131.*" This is exactly the character of our act of March 4, 1875, which comes within the inhibition contained in the above

named section 23, of article 5, of the Constitution, and is void on that account.

**2. REDEMP-TION:**

**From at-tachment sales.**

Does the right of redemption from a sale under a judgment in an attachment suit exist for one year, after the sale, as in case of a technical execution sale?

Section 3067 of Mansfield's Digest provides, that "when any real estate, or any interest therein, is sold under execucution, the same may be redeemed by the debtor from the purchaser, or his vendees, or the personal representatives of either, within twelve months thereafter."

It was doubtless the intention of the General Assembly in passing this act to give the right of redemption from sales of real estate under any final process from courts of law. The justice or sound policy of a distinction between technical execution sales and sales made in execution of judgments, in cases where attachments have issued, is not very apparent. It is true that sales under attachments must be reported to and confirmed by the court ordering the same, and in this particular they partake of one of the characteristics of judicial sales.

While it is generally proper to observe even the technical distinctions of the law, yet when to do so would tend to defeat the beneficent purposes of a remedial statute, they ought not to be entertained. In *Grubbs v. Ellyson, 23 Ark., 287,* Judge FAIRCHILD said: "An attachment is but a preliminary execution, so that a homestead is not subject to an attachment any more than it is to an execution which is final process."

In *ex parte Dingmon, in re Bissel Bros., vol. 9, Law Reports, Equity Cases, 34 Victoria, 618,* it is said, that "an execution is the result of a judgment, which has been recovered in some court of law."

"An execution is the end and fruit of the law." *Co. Litt., 289.* "An execution is the execution of the law according to the judgment." *Coke., 3 Inst., 212.*

"Execution is defined to be the act of carrying into effect the final judgment of a court. The writ, which authorizes the

Beard v. Wilson.

officer so to carry into effect such judgment is also called an execution." *Lockbridge v. Baldwin, 20 Tex., 306.* "A writ of execution is the embodied power of the court, in the shape of a command to a ministerial officer, respecting the rights of the parties to the judgment; and imposing upon the officer certain duties and liabilities prescribed by law." *Ib., 307. Bouvier's Law Dictionary, in loco.*

We hold that a sale under a judgment and order of a court of law, in a suit in which an attachment issues, is not a judicial sale from which there can be no redemption under our statute, but that the statute gives the right of redemption from such sales, and that, therefore, the exceptions to the deed of appellant Roots, exhibited with his answer, were properly sustained.

Was the demurrer to the answer (interposed after the exceptions to the documentary evidence exhibited therewith had been sustained) well taken?

Our statute governing the pleadings in ejectment is peculiar. It requires that "the plaintiff shall set forth in his complaint all deeds and other written evidences of title on which he relies for the maintenance of his suit, and shall file copies of the same, as far as can be obtained, as exhibits therewith, and shall state such facts as show a *prima facie* title in himself to the land in controversy, and the defendant in his answer shall plead in the same manner as above required from the plaintiff." *Mansf. Dig., sec. 2632.* When exceptions are sustained to any of this documentary evidence, it cannot be used on the trial, unless the defect for which the exceptions are sustained is covered by amendment. *Ib., sec. 2633.*

3. EJECTMENT: Pleadings in.

Plaintiff and defendant having each derived title from a common source, and having specially pleaded and set out fully the evidences of title relied upon, when exceptions were sustained to the documentary evidence of the defendant exhibited with his answer, it is clear that there was nothing left in the answer, except the general denial of the plaintiff's

4. SAME: Same.

ownership and right to possession, which was a statement of a conclusion of law, and not of fact sufficient to constitute a defence to the action.  *Keith v. Freeman, 43 Ark., 296.*

The defendant claiming title from the same source as the plaintiff, it is apparent from the pleadings in this case that the demurrer was properly sustained, and to hold this does not necessarily determine that there may not be cases in which an answer to an action to recover possession of real property would be good, only denying that the plaintiff was seized in fee simple of the land, or entitled to possession thereof, as alleged in the complaint.

If it were sufficient in ejectment, under our statute, for the plaintiff to allege in general terms, his ownership or right to possession without stating facts sufficient to show a *prima facie* title in himself, or right to possession, a specific denial of title in the plaintiff, or his right to possession, would be sufficient. In *Newman on Pleadings and Practice, 533*, it is said :

Same.          It would seem that in any case where the plaintiff sets forth in his petition a *prima facie* title, the defendant cannot, perhaps, by a mere denial of title in the plaintiff, be allowed to introduce proof to defeat that title, without having set out the facts in his answer showing the defects in the plaintiff's title, or a superior title in himself or some third person.    Certainly it would seem that our statute does not allow him to do so.

Affirmed.

SANDELS, J., dissenting.  I concur in holding the statute under consideration null and void, both for the reason stated by the court, and because it is an assumption of power by the Legislature to construe and determine the effect of statutes ; a power which belongs alone to the judiciary.   But I cannot assent to the two remaining propositions decided by the court. There is no ground upon which to place the claim that a sale under the judgment of the court sustaining an attachment is not a judicial sale.

The sale is of specific property, condemned by order of the court. There is no *writ*, but the judgment of condemnation is the officer's authority to sell. The purchaser acquires no title until the sale is reported to and confirmed by the court. There is not a single element of the definition of a judicial sale, which does not inhere in an attachment sale. The fact that every section of our statute on this subject commits the disposition of attached property to the *court*, from the time it is seized by the Sheriff to the sale of it under the final judgment, and the report to, and confirmation by, the court would seem to be conclusive of the contention that it is a judicial sale. The Supreme Court of Kentucky (whence our statute comes) has decided that an attachment sale is a judicial sale. *Greer v. Powell, 3 Metc. (Ky.), 125*

Redemption is a statutory privilege. The court decides that there is no redemption from sales under decrees, because no statute gives it. There is not a pretense that any statute, in terms, gives the right of redemption from attachment sales. The logic which extends the benefit of the statute relative to execution sales to the latter, and denies it to the former, is inscrutable. The reason stated is that as to attachments it is but a proper extension of a remedial statute. If so, why not extend it to sales under decrees? Or why extend the statute at all, on account of its beneficial provisions, to subjects which the Legislature, having full power in the premises, did not include in it?

I conceive that the wisdom and expediency of giving the right of redemption are questions for the Legislature alone, and that the courts have no right to extend the privilege to those whom that body has seen fit to ignore.

Upon the last question decided, I am also unable to agree with the court. The record shows that exceptions were filed to the exhibits to defendant's answer, and were sustained, and that upon the exceptions being sustained, a demurrer to the answer was filed and sustained. Sustaining exceptions to ex–

hibits simply precludes the use of such documents as evidence on the trial.

The fact that a party may not be able to prove an allegation in his pleading does not affect the sufficiency of the allegation, when tested by demurrer.

A complaint in ejectment alleges the plaintiff's ownership of the premises, and the defendant's wrongful possession. In addition to this the plaintiff is by statute required to state the evidence of his title, and file copies of deeds under which he claims. This is to prevent surprise on the trial, as objections to the admissibility of documentary evidence must be raised by exceptions in advance.

Now the statement that plaintiff claims title under and by virtue of certain conveyances, is not issuable matter. The defendant need not traverse the evidence by which plaintiff claims that he can establish his ownership. He is not compelled to set up title in himself in order to defend. He may rest upon a denial of plaintiff's title; this he may do at all times, for the plaintiff must recover upon the strength of his own title. But suppose he adds a claim of title in himself, and states such facts as are insufficient to give him title, the invalidity of his own claim does not deprive him of the right to be heard in denial of plaintiff's right. In this cause defendant denied plaintiff's title, and also set up title in himself. The court, upon exceptions, adjudged defendant's evidences of his own title insufficient, and then sustained a demurrer to the whole answer. I think that in any view the demurrer should have been overruled.