HARDER *v.* SAYLE-STEGALL COMMISSION COMPANY.

Opinion delivered July 6, 1895.

PROCEEDING AGAINST BIDDER FAILING TO PAY—JURISDICTION OF EQUITY.—A proceeding by a sheriff to recover from a bidder at sheriff's sale the amount lost by his failure to comply with his bid is not a subject of equitable jurisdiction.

SAME—PARTY.—The sheriff may maintain a summary proceeding to recover the amount lost by the refusal of a bidder at sheriff's sale to comply with his bid.

SAME—CONSTRUCTION OF STATUTE—Mansf. Dig., secs. 3058, 3059, requiring persons refusing to pay the amounts bid by them at sheriff's sale to make good the amount lost by reason of such refusal, are applicable to sales under orders of attachment.

SHERIFF'S SALE—EFFECT OF CONDITIONAL BID.—A liability for loss caused by failure to comply with a bid at a sheriff's sale cannot be enforced where, with the sheriff's consent, the bid was made by an agent upon condition that his principal should subsequently ratify the bid, and the principal refused to ratify it.

Appeal from White Chancery Court.

DAVID W. CARROLL, Chancellor.

### STATEMENT BY THE COURT.

Appellee Sayle-Stegall Commission Co. and sundry other creditors of Rogers & Son had instituted their several suits by attachment against said Rogers & Son, and obtained judgment in the White circuit court, against them both for their debts and attachments, and obtained an order of sale of the property attached ; and the sale was made by the appellant, as sheriff, by and through his deputy, one T. B. Paschall, on the 4th day of August, 1892. At this sale, appellee S. Brundidge, bid the sum of $4,750 for the property for his co-appellee company, which was the largest of said creditors.

Subsequently, the appellee company notified appellant that it declined to be the purchaser of said property, and denied that Brundidge had any authority to bid said sum for it ; and thereupon appellant had another offering and sale of said property on the 20th day of September, 1892, and Skillern & Watkins became the purchasers at this sale for the sum and price of $4,000, whereby there was a loss, as claimed by appellant, of the sum of $750, the difference between the amount bid by Brundidge at the first sale and the amount bid by the said Skillern & Watkins at the second sale.

Subsequently, appellant made report of his action in the premises, and they were approved by the said circut court, and the said second sale was in all things confirmed.

Thereupon, as alleged, the appellant, at the instance of J. M. Battle and R. C. Black, as assignees of W. D. Black, one of said creditors of Rogers & Son, filed his motion for summary judgment against appellees for said difference and loss, under sections 3058 and 3059 of Mansfield's Digest. Demurrer to this motion was sustained, and plaintiff filed an amended motion in the nature of a complaint, which, after being made more certain by order of court, was made the subject of general demurrer by defendants; and, this demurrer being overruled, the defendants answered separately, Brundidge setting up as a defense that, in making said bid at said first sale, he was not the agent of his co-defendant company, as alleged in the complaint, but that on the contrary he was authorized in writing by his co-defendant to bid the sum of $4,000 only, and that he informed the appellant's deputy, who conducted the sale, of this immediately before the sale, and showed him the writing to that effect; that, notwithstanding this special and limited authority, for reasons appearing satisfactory at the time, it was agreed and understood between him (Brundidge) and said deputy sheriff that he would bid as much as $4,750, but that it should be conditioned on the subsequent approval and ratification of Sayle-Stegall Commission Co., if the property was struck off to it for that sum and at that bid, and not otherwise, and that in case said company should refuse to ratify said purchase for it, then said Brundidge would personally pay all the expenses to be incurred in making a second sale; and that the property in fact was worth no more at the time of the first offering than the $4,000 for which it finally sold. Sayle-Stegall Commission Co.

answered, disclaiming the agency of Brundidge to bid the $4,750, and the cause was transferred to the chancery court.

Motion by appellant to strike out certain parts of paragraph one of Brundidge's answer, and his demurrer to paragraph two and portion of paragraph three. Thereupon defendants moved the court to dismiss the cause because appellant, as sheriff, had no interest in the suit, and the motion was sustained by the chancellor, and appellant took his appeal to this court.

*J. M. Battle*, for appellant.

1. It was error to transfer the cause to the equity docket.

2. The sheriff had an interest in the suit. It was his duty to resell the property. Murfree on Sheriffs (new ed.), 526, sec. 996.

3. An *attachment* sale is an *execution* sale. 52 Ark. 290 ; 2 Bland, Chy. 637 ; 12 Am. & Eng. Enc. Law, p. 207, note 2.

4. . The pretended agreement between Brundidge and the deputy sheriff was no defense. Such an agreement was beyond the scope or apparent scope of his authority. Nor can Brundidge take advantage of his own wrongful, collusive acts.

The appellees *pro se.*

1. This was a judicial sale. If appellant was not satisfied, his remedy was to object to the confirmation of the sale. 9 Atl. 114 ; 1 S. E. 688. There was no sale until confirmation by the court. 47 Ark. 413 ; 23 *id.* 41 ; 34 *id.* 346 ; 38 *id.* 80 ; 52 *id.* 446 ; 32 *id.* 391.

2. The sheriff was bound by the act of his deputy. It is only the cases where the sheriff sells under *execution*, and makes deed, that he has the right, under Sand. & H. Dig. secs. 3104–5, to sue. This is a penal statute,

and should be strictly construed. Brundidge made no bid. He only made an offer on a contingency.

3. The cause was properly transferred to equity. 2 Story, Eq. Jur. 1301; 38 Ark. 557, and cases cited.

Jurisdiction of equity.

BUNN, C. J. (after stating the facts). In the first place, this cause should not have been transferred to the equity court, since there is no equitable question involved, and all the relief sought is obtainable in a court of law.

Who may sue.

The court also erred in sustaining the motion to dismiss on account of the alleged want of interest of appellant in the suit.

Construction of statute.

In *Beard* v. *Wilson*, 52 Ark. 290, it was said by this court, after quoting section 3067 of Mansfield's Digest, that "it was doubtless the intention of the general assembly in passing this act (section 3067) to give the right of redemption from sales of real estate under any final process from courts of law. The justice or sound policy of a distinction between technical execution sales and sales made in execution of judgments in cases where attachments have issued is not very apparent." And we hold that a sale under a judgment and order of a court of law, in a suit in which an attachment issues, is not a judicial sale, from which there can be no redemption under our statute, but that the statute gives the right of redemption from such sales."

Effect of conditional bid at sheriff's sale.

For the same reason, we think the provisions of sections 3058 and 3059, Mansfield's Digest, are applicable to sales under orders of attachment alike as under execution sales, and that the motion or complaint states a cause of action. On the other hand, we think the answers of defendants, if true, constituted a good defense, that is to say, if the bid of Brundidge of the $4,750 was conditional, as alleged in his answer, and that he was not the unconditional agent of his codefendant, as alleged in its answer, and these facts

were known to the plaintiff (sheriff) personally, or to his deputy making and conducting the sale, before the bid was made, and it was so made on condition, he (the said deputy) should not have received nor cried said bid, and therefore defendants were not responsible under the statute.

But the determination of these questions depends upon the facts in the case to be developed on the trial, in accordance with the pleadings.

The judgment of the circuit court is therefore reversed, and the cause remanded, with directions to transfer to the circuit court, and there proceed as herein indicated, and in accordance with this opinion.