RIDER v. STATE.

Opinion delivered January 14, 1918.

STOCK LAWS—RE-ENACTMENT OF LAW BY REFERENCE—CONSTITUTIONAL LIMITATIONS.—Act 310, Acts 1909, created a stock district in Franklin County. Act 145, session 1915, provided "that wherever Act No. 310 of the General Assembly of 1909 now reads, 'Charleston District of Franklin County,' the same shall be amended, and the same is hereby amended to read 'Charleston District of Frank-

lin County and Borham and Wittich Townships of Franklin County." Held Act 145, session 1915, was invalid under art. 5, § 22, Constitution 1874, because the power attempted to be granted under the new statute was not declared on its face, but was given merely by reference to the title of another statute.

Appeal from Franklin Circuit Court, Ozark District; *Jas. Cochran,* Judge; reversed.

*Geo. W. Barham,* for appellant.

No law of this State can be extended by reference to the title only. The statute must be re-enacted. Const. Art. 5, § 22. The act is unconstitutional and void. 126 Ark. 260; 92 *Id.* 155; Kirby's Digest, § 2248.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

Confesses error. 64 Ark. 83; 102 *Id.* 411; 103 *Id.* 298; 49 *Id.* 131; 52 *Id.* 290; 92 *Id.* 155.

McCULLOCH, C. J. Appellant was convicted of violating a stock law in Franklin County and he challenges the validity of the special statute creating the stock district on the ground that it was an attempt on the part of the lawmakers to extend another statute by refer-' ence to title only without re-enacting the same at length. The original statute creating the stock district was Act No. 310 of the session of 1909, which created a stock district in the Charleston District of Franklin County and prohibited the running at large of live stock and geese in that district.

The General Assembly of 1915 enacted a special statute (Act No. 145, session of 1915) to amend the former statute by adding to the district two other townships in Franklin County, and it is this statute that appellant is charged with having violated by permitting geese to run at large in one of those added townships. The title of the amendatory statute is "An Act to Amend Act No. 310 of the Acts of the General Assembly of 1909" and section 1, which is the whole of the statute, except another section merely containing the emergency clause, reads as follows:

"Section 1. That wherever Act No. 310 of the General Assembly of 1909 now reads 'Charleston District of Franklin County,' the same shall be amended, and the same is hereby amended to read: 'Charleston District of Franklin County and Barham and Wittich Townships of Franklin County.'"

The controlling provision of the Constitution reads as follows:

"No law shall be revived, amended, or the provisions thereof extended or conferred by reference to its title only; but so much thereof as is revived, amended, extended, or conferred shall be re-enacted and published at length." Art. V, Sec. 22.

The Act of 1915 under which appellant was convicted was clearly an attempt on the part of the lawmakers to extend the provisions of another statute merely by reference to title without re-enacting and publishing the new statute at length. In construing the provision of the Constitution above quoted this court has always adhered to the rule that "when a new right is conferred or cause of action given, the provision of the Constitution quoted requires the whole law governing the remedy to be re-enacted in order to enable the courts to effect its enforcement," but that if the statute "is original in form, and by its own language grants some power, confers some right or creates some burden or obligation, it is not in conflict with the Constitution, although it may refer to some other existing statute for the purpose of pointing out the procedure in executing the power, enforcing the right, or discharging the burden." *Watkins v. Eureka Springs,* 49 Ark. 131; *Beard* v. *Wilson,* 52 Ark. 290; *Common School District* v. *Oak Grove Special School District,* 102 Ark. 411; *State* v. *McKinley,* 120 Ark. 165; *Harrington* v. *White,* 131 Ark. 291.

The statute now under consideration falls clearly within the first rule stated above, for the power granted under the new statute is not declared on its face, but is given merely by reference to the title of another statute.

The Attorney General confesses error on the part of the trial court in upholding the statute as a valid exercise of legislative power, and we entertain no doubt that the position assumed by the Attorney General is correct. The judgment of the circuit court is, therefore, reversed, and, as the charge against appellant has no foundation in law, the cause will be dismissed. It is so ordered.