2012 Ark. 244

**Brandon ROWE et al., Appellants**

v.

**Ray HOBBS, Director of the Arkansas Department of Correction, and Leroy Brownlee, Chairman of the Arkansas Parole Board, Appellees.**

No. 11–256.

Supreme Court of Arkansas.

May 31, 2012.

Stuart Vess, N. Little Rock, for Appellants.

Dustin McDaniel, Atty. Gen., Laura Shue, Asst. Atty. Gen., Kelly Hill, Senior Asst. Atty. Gen., Little Rock, for Appellee.

JIM GUNTER, Justice.

Appellants, a group of inmates currently incarcerated for certain methamphetamine offenses, appeal the dismissal of their complaint for declaratory judgment and argue that the circuit court erred in (1) denying their motion for summary judgment and (2) dismissing the case when there was no pending motion to dismiss.

This case seeks postconviction relief; therefore, this court has jurisdiction under Ark. Sup.Ct. R. 1–2(a)(8). We affirm the order of the circuit court.

On December 11, 2008, appellants filed a complaint for declaratory judgment, writ of mandamus, and writ of prohibition in the Pulaski County Circuit Court. In the complaint, appellants, who were all inmates serving sentences for manufacture of methamphetamine or possession of drug paraphernalia with intent to manufacture, alleged that Act 1782 of 2001 was an unconstitutional repeal of the sunset clause of the statutory provision that requires persons convicted of certain methamphetamine offenses to serve seventy percent of their sentence prior to being eligible for parole. *See* Ark.Code Ann. § 16–93–611 (Repl.2006) (repealed 2011). Specifically, appellants argued that Act 1782 violated article 5, § 23 of the Arkansas Constitution because the legislature could not determine the effect of the Act from reviewing the text of the Act alone. Appellants asserted that because the attempted repealer of the sunset provision was unconstitutional and a nullity, the seventy-percent provision for methamphetamine offenses expired on April 30, 2002, and therefore the offenses committed by appellants after that date are not subject to that provision. Appellants asked for a declaratory judgment holding that no extended parole eligibility applies to any person whose offense date occurred after April 30, 2002, or in the alternative, an order prohibiting appellees from applying the seventy-percent parole eligibility to appellants or mandating that appellees remove the seventy-percent parole eligibility from their sentences.

On February 26, 2009, appellees[1] filed a motion to dismiss, alleging that appellants

1. The complaint was filed against Larry Norris, the Director of the Arkansas Department

had failed to state facts upon which relief could be granted and that venue was not proper in Pulaski County. In their brief in support, appellees argued that appellants had failed to plead facts showing what their parole eligibility dates are, when their sentences were imposed, what the lengths of their sentences are, the dates of their offenses, or what their parole-eligibility |₃dates would be absent the challenged law. Appellees further argued that the calculation of parole eligibility was within the exclusive province of the Arkansas Department of Correction and that there was no justiciable claim against appellee Brownlee.

The court entered an order denying appellees' motion to dismiss without explanation on April 28, 2009. Thereafter, on May 8, 2009, appellees filed an answer to the complaint. In the answer, appellees argued that article 5, § 23 of the Arkansas Constitution only prohibited a law being "revived, amended, or the provisions thereof extended or conferred, by reference to its title only," and that appellants had failed to specify how, in the present case, the law in question was revived or amended, or the provisions thereof extended or conferred. Appellees asserted that the repeal of a sunset clause by mere reference to an act number and section has been deemed to not fall within the scope of this constitutional provision and cited a number of cases in support of that argument. Appellees also argued that any question about whether Act 1782 effectively continued the seventy-percent provision of Act 1268 was moot, because the parole-eligibility provisions were recently amended in 2009, and the amended Act, which is expressly retroactive, restates the seventy-percent rule for methamphetamine-related offenses.

On July 1, 2009, appellants filed an amended complaint, adding the names of several more inmates seeking to intervene in the action. Appellees did not oppose the intervenors, and an order granting several motions to intervene was entered on November 24, 2009. On September 2, 2010, appellants filed a motion for summary judgment, in which they argued that there were no disputed issues of material fact and that they were entitled to a declaration |₄that the seventy-percent parole-eligibility provision was unconstitutional. Appellees filed a response and agreed that the complaint for declaratory judgment pertained strictly to the validity of Act 1782, which was a legal question that could be disposed of summarily. However, appellees argued that "as a matter of law [appellants] cannot show they are entitled to a declaration that Act 1782 was unlawfully enacted, and they have entirely failed in their summary judgment motion to counter the clear legal precedent that stands against their position and that was presented in [appellees'] answer." Appellees then repeated their argument that article 5, § 23 does not apply to the repeal of legislation. Appellees requested that the court deny appellants' motion and dismiss the cause of action in its entirety with prejudice.

On January 7, 2011, the court entered an order denying the motion for summary judgment. On January 31, 2011, the court entered an amended order:

> From the pleadings filed herein, the briefs of counsel, and all other things and matters before the court the court doth find that Act 1782 of 2001 was

of Correction, and Leroy Brownlee, the Chairman of the Arkansas Parole Board. However, Ray Hobbs replaced Larry Norris as Director following Norris's retirement in January 2010. Therefore, Ray Hobbs is automatically substituted as the proper party-defendant pursuant to Ark. R. Civ. P. 25(d).

lawfully enacted. Accordingly, the plaintiffs' motion is denied, and this action, together with all claims for relief by the plaintiffs made herein, is dismissed with prejudice.

A notice of appeal from this order was filed on February 14, 2011.

■ On appeal, appellants purport to appeal from the denial of their motion for summary judgment and argue that the circuit court erred in dismissing the case when there was no pending motion to dismiss. Appellants argue that in denying their motion for summary judgment and also dismissing the case with prejudice, the court, in effect, granted appellees summary judgment without appellees requesting such relief. We agree that the court's order was tantamount to a grant of summary judgment in favor of appellees; we disagree, however, that such relief was not requested. In their response to appellants' motion for summary judgment, appellees asked the court to dismiss appellants' case with prejudice, and after considering "the pleadings filed herein, the briefs of counsel, and all other things and matters before the court," the court did so. It is well settled that when a circuit court considers matters outside the pleadings, the appellate court will treat a motion to dismiss as one for summary judgment. *See Koch v. Adams,* 2010 Ark. 131, 361 S.W.3d 817. Ordinarily, upon reviewing a court's decision on a summary-judgment motion, we would examine the record to determine if genuine issues of material fact exist. *See Travis Lumber Co. v. Deichman,* 2009 Ark. 299, 319 S.W.3d 239. However, in a case such as this one, which does not involve the question of whether factual issues exist but rather the application of legal rules, we simply determine whether appellees were entitled to judgment as a matter of law. *See id.*

■ In this case, by means of summary judgment, the circuit court considered the constitutionality of Act 1782 of 2001. This court reviews the circuit court's interpretation of the constitution de novo, and though this court is not bound by the circuit court's decision, the circuit court's interpretation will be accepted as correct on appeal in the absence of a showing that the circuit court erred. *See First Nat'l Bank of DeWitt v. Cruthis,* 360 Ark. 528, 203 S.W.3d 88 (2005). There is a presumption of validity attending every consideration of a statute's constitutionality, and before an act will be held unconstitutional, the incompatibility between it and the constitution must be clear. *Eady v. Lansford,* 351 Ark. 249, 92 S.W.3d 57 (2002). Any doubt as to the constitutionality of a statute must be resolved in favor of its constitutionality. *Id.* The heavy burden of demonstrating the unconstitutionality of a statute is upon the one attacking it. *Id.* If possible, this court will construe a statute so that it is constitutional. *See McLane S., Inc. v. Davis,* 366 Ark. 164, 233 S.W.3d 674 (2006).

■ Before discussing the merits of appellants' argument on appeal, a review of the legislative history leading up to the Act in question is in order. The seventy-percent provision was originally enacted in Act 1326 of 1995 and applied only to the offenses of first-degree murder, kidnapping, aggravated robbery, rape, and causing a catastrophe. This Act was codified at Ark.Code Ann. § 16–93–611 (Supp. 1995).

In 1997, Act 1135, section 2(a) amended Ark.Code Ann. § 16–91–110, which deals with bail bonds, to also provide that any person who is found guilty, pleads guilty, or pleads nolo contendre to manufacturing methamphetamine shall not be eligible for parole until a minimum of seventy percent of the person's sentence has been served.

This provision had a sunset clause of December 31, 2001. *See* Act of April 7, 1997, No. 1135, § 2(b), 1997 Ark. Acts 6459, 6460.

In 1999, Ark.Code Ann. § 16–93–611 was amended by Act 1268, section 4 to add manufacture of methamphetamine and possession of drug paraphernalia with the intent to manufacture methamphetamine to those crimes that are subject to the seventy-percent provision. In addition, section 5 of Act 1268 amended Act 1135 of 1997, section 2(b) and changed the sunset clause in that section to April 30, 2002, and section 6 provided that the provisions of Act 1268 would expire on April 30, 2002. Because Act 1268 was temporary legislation, it could not be codified. *See* Ark. Code Ann. § 1–2–116(a). Instead, Act 1268 was placed in a paperback volume titled "1999 Special Volume of Uncodified Acts," and the ⌊7sunset provisions in sections 5 and 6 were placed in Title 29 at Ark.Code Ann. §§ 29–30–162 and 29–30–163, respectively.

Thereafter, in 2001, Act 1782, sections 2 and 3, repealed Ark.Code Ann. §§ 29–30–162 and 29–30–163, effectively eliminating the sunset provisions of Act 1268 and Act 1135, section 2. It is Act 1782 that appellants claim was unconstitutional. On appeal, appellants argue that Act 1782, which purported to repeal the sunset clause in § 16–93–611, was enacted in violation of article 5, § 23 of the Arkansas Constitution. Article 5, § 23 provides: "No law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended or conferred, shall be reenacted and published at length."

Act 1782 of 2001, entitled "An Act to Amend Arkansas Code 5–64–1101 To Make It Unlawful to Possess Nine (9) Grams or More of Pseudoephedrine or Phenylpropanolamine; And For Other Purposes," contained three sections. The first section essentially added possession of pseudoephedrine or phenylpropanolamine to the existing possession-of-ephedrine statute; sections two and three stated, "Arkansas Code 29–30–162 is repealed" and "Arkansas Code 29–30–163 is repealed," respectively.[2] Appellants argue that because the repeal was "hidden" in the Act, it violated article 5, § 23.

⌊8In support, appellants cite *Rider v. State*, 132 Ark. 27, 200 S.W. 275 (1918), and *Beard v. Wilson*, 52 Ark. 290, 12 S.W. 567 (1889), in which this court struck down legislative acts as violations of article 5, § 23. In *Rider*, a statute was enacted that enlarged an existing stock district by adding two townships to its territory. The statute stated that "wherever Act No. 310 of the General Assembly of 1909 now reads 'Charleston district of Franklin County,' the same shall be amended, and the same is hereby amended to read: 'Charleston district of Franklin county and Barham and Wittich townships of Franklin county.'" 132 Ark. at 29, 200 S.W. at 275–76. This court held that the Act was "clearly an attempt on the part of the lawmakers to extend the provisions of another statute merely by reference to title without reenacting and publishing the new statute at length." *Id.*, 200 S.W. at 276. Likewise, in *Beard*, the General Assembly enacted a statute that referenced certain sections of

---

2. With respect to these provisions, appellants raise the additional argument that the Arkansas Code ends with Title 28; that there is no Title 29; and that therefore the provisions in Act 1782 had no effect at all. However, as explained by the State, both below and on appeal, Title 29 did indeed exist; Title 29, which contained "Local, Special and Other Legislation," was created in 1999 and subsequently decodified in 2003. *See* 2003 Ark. Acts 1473, § 69. Thus, appellants' argument is meritless.

the code dealing with redemption of lands sold under execution and stated that those sections would also apply to sales made under decree in chancery. In striking down the statute as unconstitutional, we held that it impermissibly extended and conferred the benefits of those sections by reference only. Appellants argue that the present case is similar to these cases and contend that "[a] mere reference to an Act number that is misleading when read in comparison to the title of the Act at issue is misleading to the legislature and to the public." Therefore, appellants assert, the seventy-percent provision as it applies to methamphetamine-related offenses expired on April 30, 2002, and should not be applied to their sentences.[3]

▮ |₉In response, appellees argue that appellants have failed to show that Act 1782 of 2001 was unlawfully enacted.[4] Appellees argue, as they did below, that appellants have failed to show how any law was revived or amended, or the provisions thereof extended or conferred, by Act 1782. Appellees assert that appellants' application of article 5, § 23 is overbroad and not supported by case law. For example, in *Hollis v. McCarroll,* 200 Ark. 523, 140 S.W.2d 420 (1940), this court examined a similar repeal of a sunset provision in a sales-tax act. Section 24 of Act 154 of 1937 declared that the state's right to collect the tax should expire on July 1, 1939, but that a later legislative act, Act 364 of 1939, stated that Section 24 was repealed.

In declaring that the repeal was not in violation of article 5, § 23, we explained:

When act 364 was approved March 16, 1939, act 154 was still in effect. Therefore, it was not "revived." Nothing was "conferred" by reference; nor was the 1937 enactment "extended" within the meaning of the constitution. The term "extended" as used in Section 23 of art. 5 of the constitution has reference to an attempt by the law-making body (a) to add something to the text of a preexisting law, or (b) to impose conditions upon another statute.

*Id.* at 525, 140 S.W.2d at 422.

Likewise, in *Scales v. State,* 47 Ark. 476, 1 S.W. 769 (1886), this court examined a challenge to the repeal of a statute that provided an exception to the Sabbath law, which generally prohibited the performance of labor on the Christian Sabbath, namely Sunday. The|₁₀statute was part of the Revised Statutes of 1838, and the provision in question was carried forward into the Revision of 1884 as section 1886. In 1885, however, an act was passed by the legislature that simply stated "That section 1886 of Revised Statutes of Arkansas be, and the same is hereby, repealed." 47 Ark. at 480, 1 S.W. at 769 (quoting Acts 1885, p. 37). Scales, who was convicted of laboring on the Sabbath, argued that the attempted repeal extended the penalty of the statute without a re-enactment of the law in violation of article 5, § 23. This court, however, observed that article 5, § 23 does not, by its terms, prohibit the

---

**3.** Stated more precisely, appellants are asserting that because Act 1782 is unconstitutional, Ark.Code Ann. § 29–30–163 was not repealed, thus Act 1268, section 4, which amended Ark. Code Ann. § 16–93–611 to include manufacture of methamphetamine and possession of drug paraphernalia with the intent to manufacture methamphetamine, expired on April 30, 2002.

**4.** We acknowledge that appellees also argue, in a footnote, that appellants failed to plead facts showing that they had standing to contest the statute. However, this argument is not developed on appeal, so we decline to address it. *See Hendrix v. Black,* 373 Ark. 266, 283 S.W.3d 590 (2008) (stating that this court will not address issues on appeal that are not appropriately developed).

repeat of a law by reference to its title, thus the prohibition can be extended by implication only. In holding that the repeal was constitutional, we stated:

It is well settled that this provision does not make it necessary, when a new statute is passed, that all prior laws modified, affected, or repealed by implication by it should be reenacted. If we should so hold, a large part of the laws of this state would have to be re-enacted and republished at every session of the legislature, and some of them many times over.... This would be an absurd construction; and it is the reasonable construction the provision should receive, with a view to giving it the effect intended by its framers.... If the legislature had undertaken to amend section 1886, the provision under consideration would have required the section as amended to be set forth in extenso, and the old section, upon the passage of the new one, would have been repealed, if not expressly, then by implication. *State v. Ingersoll,* 17 Wis. 651 [631 (1864) ]. In that event there would have been no necessity for re-enacting the other parts of the chapter in which the section is found. When there is an express repeal of the section, without a substitute for or an amendment to it, what greater necessity is there for re-enacting the other sections that are affected only incidentally by the repeal? The section has been repealed, and the chapter is intact without it.

47 Ark. at 481–82, 1 S.W. at 770.

Based on these cases, as well as other cases decided by this court, appellees argue that a repeal of a sunset provision renders no affirmative or substantive changes to existing law, therefore it does not fall within the scope of article 5, § 23's prohibition. Specific to this case, appellees contend that Act 1782 did not revive,

amend, or otherwise substantively change the provisions of § 16–93–611, thus it does not violate article 5, § 23. In addition, appellees distinguish the *Rider* and *Beard* cases cited by appellants and argue that in those cases, the challenged language was a substantive change to existing law merely by reference.

■ We agree with appellees' argument that article 5, § 23 does not prohibit the repeal of a statute by reference only. *See Hollis, supra; Scales, supra; see also Gregory v. Cockrell,* 179 Ark. 719, 724, 18 S.W.2d 362, 364 (1929) (rejecting the argument that an act, which repealed part of a previous act, violated article 5, § 23 and stating that "the repeal effected by the act in no sense amended the original act; and the repealing act does not fall within the terms of [article 5, § 23]"); *White River Lumber Co. v. White River Drainage Dist. of Phillips & Desha Counties,* 141 Ark. 196, 199, 216 S.W. 1043, 1044 (1919) (explaining that "[t]he thing prohibited by the Constitution is the extension of a law by reference to title only, and this was not an attempt to do that. The Constitution does not prohibit repeal of a statute or part thereof by reference to title only"). Thus, in the present case, we hold that Act 1782 did not unconstitutionally repeal Ark.Code Ann. §§ 29–30–162 and 29–30–163, and we therefore affirm the order of the circuit court.

Affirmed.