SLIP OPINION



Cite as 2013 Ark. 382

# SUPREME COURT OF ARKANSAS

No. CR-11-1263

| | | |
|---|---|---|
| | | **Opinion Delivered** October 3, 2013 |
| ANTONIO DOTSON | | PRO SE "LEAVE OF MOTION FOR WRIT OF MANDAMUS" AND |
| | APPELLANT | MOTION TO GRANT APPEAL AND DISMISS CHARGES [PULASKI |
| V. | | COUNTY CIRCUIT COURT, 60CR-00-363, HON. HERBERT THOMAS |
| STATE OF ARKANSAS | | WRIGHT, JR., JUDGE] |
| | APPELLEE | |
| | | APPEAL DISMISSED; MOTIONS MOOT. |

## PER CURIAM

In 2010, appellant Antonio Dotson entered a negotiated plea of guilty to possession of a controlled substance (cocaine) and the manufacture, delivery, or possession of marijuana, for an aggregate sentence of 120 months' incarceration. Following the guilty plea, appellant filed in the trial court a timely petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2012). The trial court denied the petition, and appellant has lodged an appeal in this court.

Appellant filed the instant pleading titled "Leave of Motion for Writ of Mandamus," in which he appears to seek expedited review of his appeal, and a motion in which he requests this appeal be granted and the charges in the case dismissed.[1] The case has been fully briefed, and

---

[1]This later motion appears to be an attempt to add additional arguments, which were not previously raised, to appellant's brief-in-chief.

our review of the record has made it clear that appellant cannot prevail on the appeal. For that reason, the appeal is dismissed. An appeal from an order that denied a petition for postconviction relief will not be permitted to go forward where it is clear that the appellant could not prevail. *Daniels v. State*, 2013 Ark. 208 (per curiam). Because we dismiss the appeal, the motions are moot.

The claims at issue on appeal concern appellant's allegations of a speedy-trial violation.[2] A brief recitation of the underlying facts leading to appellant's entry of the guilty plea is helpful for understanding those issues.

In 1999, appellant was arrested on drug-related charges, and the prosecution later filed an information charging appellant with one count of possession of a controlled substance with intent to deliver (marijuana, greater than ten pounds), one count of possession of a controlled substance with intent to deliver (cocaine), and one count of possession of drug paraphernalia. On April 3, 2000, appellant was released on his own recognizance. At the time of his release, appellant's trial was scheduled for June 26, 2000.

In May 2000, appellant sent a letter to the judge, which was filed on the record in the case, that indicated that he had been extradited to New York, gave his address at Monroe County Jail in Rochester, New York, and requested a continuance. The court provided both

---

[2]Our review is limited to those arguments appellant raised on appeal that were also raised by appellant below and that the trial court provided a ruling for in its order denying relief. An appellant in a Rule 37.1 proceeding is limited to the scope and nature of his arguments below, and he cannot raise new arguments on appeal. *Hogan v. State*, 2013 Ark. 223 (per curiam). In an appeal of the denial of a Rule 37.1 petition, failure to obtain a ruling on an issue, including a constitutional issue, precludes review on appeal. *Norris v. State*, 2013 Ark. 205, ___ S.W.3d ___ (per curiam).

SLIP OPINION

defense counsel and the prosecution with copies of the letter. The prosecution did not file a detainer, and on June 16, 2000, appellant was released from custody in New York.

Defense counsel appeared at the scheduled bench trial on June 26, 2000, unaware that appellant had been released from custody in New York. Because appellant did not appear, an arrest warrant issued, and that warrant appears to have been served on December 31, 2009.[3] In March 2010, counsel for appellant filed a motion to dismiss for a speedy-trial violation. The motion was based on an argument that the period from June 26, 2000, until appellant's arrest should not be excluded from the speedy-trial calculation because the State had failed to have a detainer placed on appellant in New York after appellant gave notice of his incarceration there. The motion was denied.

Defense counsel then filed a petition for writ of prohibition in this court, which was denied on August 6, 2010. Following that denial, appellant entered the guilty plea and later filed his petition for relief under Rule 37.1, in which appellant alleged, along with some additional claims, ineffective assistance of counsel and due-process and equal-protection violations.[4]

---

[3]No documentation appears in the record to establish the date of service, but the allegations by counsel include a specific reference to that date, and the trial court used the date as a reference point in calculating an excluded period in discussions about a possible speedy-trial violation.

[4]Although there are some exceptions for claims concerning sentencing and other post-plea procedure, generally, claims that challenge a guilty plea under rule 37.1 are limited to those alleging that the plea was not made voluntarily and intelligently or were entered without effective assistance of counsel. *Polivka v. State*, 2010 Ark. 152, 362 S.W.3d 918; *see also Tornavacca*, 2012 Ark. 224, ___ S.W.3d ___; *Thacker v. State*, 2012 Ark. 205 (per curiam). Appellant alleged that he would not have entered the guilty plea if the two attorneys who represented him had raised, either in the trial proceedings or by requesting a rehearing on the denial of the petition for writ of prohibition, a speedy-trial violation based on the specific argument of appellant's theory that the IAD Act applied and required the State to file a detainer. His claims of ineffective assistance

Appellant contended in the postconviction petition that a speedy-trial violation arose from the State's failure to file a detainer and that the detainer was required by the Interstate Agreement on Detainers Act ("IAD Act"), codified at Arkansas Code Annotated sections 16-95-101 to -107 (Repl. 2006). Appellant alleged ineffective assistance of counsel because the two attorneys who represented him failed to make this specific argument. Appellant alleged that due-process and equal-protection violations occurred because the trial court accepted his plea when the permitted time for trial had passed. The alleged constitutional violations were based on appellant's theory that the IAD Act required the filing of a detainer and that, with application of the IAD Act, appellant was provided a different time period for trial and other rights based on diversity of citizenship.

The trial court found in its order denying postconviction relief that the IAD Act did not apply to trigger the 180-day period in Article III(a), of section 16-95-101; that appellant's right to a speedy trial was not violated; that counsel was not ineffective; and that none of appellant's claims had merit. This court does not reverse a denial of postconviction relief unless the trial court's findings are clearly erroneous. *Tornavacca v. State*, 2012 Ark. 244, ___ S.W.3d ___. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.* The trial court's findings were not clearly erroneous.

The IAD Act did not apply under the circumstances in appellant's case, and it therefore follows that the Act did not trigger a requirement that the State file a detainer under the Act, set

---

therefore appropriately challenged his plea under the rule.

SLIP OPINION

a different limitation on time for trial, or create any other right based on diversity of citizenship.

Article III(a) of the IAD Act provides that when a person is serving a term of imprisonment in a correctional institution of a state and "there is pending in any other party state any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner," the prisoner shall be brought to trial within 180 days after the prisoner provides written notice of the place of his imprisonment and requests a final disposition of charges. Ark. Code Ann. § 16-95-101. Under the statute, there must be a detainer lodged for the specific charges at issue before the Act applies. *See Grant v. United States*, 856 A.2d 1131 (D.C. Cir. 2004). The IAD Act does not require the filing of a detainer, and its provisions requiring a trial within a certain period of time or granting other rights are only applicable when a detainer has already been filed.

Appellant cannot prevail on his claim of ineffective assistance of counsel because he failed to demonstrate that the argument he contends counsel should have made had merit. *See Mitchell v. State*, 2012 Ark. 242. To the extent that appellant's independent constitutional claims may have been cognizable in a Rule 37.1 proceeding, those claims also fail because the IAD Act had no application, and the basis of appellant's claims was therefore without merit.[5] The trial court did not err in denying postconviction relief.

> Appeal dismissed; motions moot.
> *Antonio Dotson*, pro se appellant.
> No response.

---

[5]Claims of trial error, even those of constitutional dimension, are not cognizable in a Rule 37.1 proceeding unless the error is so fundamental that it renders the judgment of conviction void or subject to collateral attack. *See Davis v. State*, 2013 Ark. 118 (per curiam). Although appellant alleged a jurisdictional issue, speedy-trial claims do not raise a question of jurisdiction. *See Rodgers v. Hobbs*, 2011 Ark. 443 (per curiam).