Robert D. TEASDALE, M.D.,
an individual, Plaintiff,

v.

MARIN GENERAL HOSPITAL, a
California district hospital, et
al., Defendants.

No. C 89–1879 SC.

United States District Court,
N.D. California.

May 16, 1991.

Khourie, Crew, & Jaeger, David Mac-Pherson, San Francisco, Cal., for plaintiff.

Anderson, Galloway & Lucchese, Walnut Creek, Cal., for defendants Ross Valley Medical Clinic, John C. Keohane, M.D., Raymond Bonneau M.D., Michael Stock, M.D., J. Carroll Krueger, M.D., and Laurence R. Schechter, M.D.

Hanson, Bridgett, Marcus, Vlahos & Rudy, Jacquelyn J. Garman, San Francisco, Cal., for defendant Marin General Hosp.

David J. Miclean, Ropers, Majeski, Kohn, Bentley, Wagner & Kane, Redwood City, Cal., for defendant Edward N. DeMayo, M.D.

Harold J. Truett III, O'Reilly & Collins, Menlo Park, Cal., for defendants Peter A. Barry, M.D. and Donald Seymour, M.D.

Hancock Rothert & Bunshoft, William J. Casey, Mary G. Leupold, San Francisco, Cal., for defendants Charles Secor, Robert Bruckman, Peter Barry, Edmund Jacobson, Barry Blum and Donald Seymour.

## ORDER

CONTI, District Judge.

### I. INTRODUCTION

These motions came on for hearing before the court pursuant to Local Rule 410–2(a), providing for review of nondispositive pretrial matters originally determined by a magistrate. In the instant case, plaintiff Robert D. Teasdale, M.D. ("plaintiff") moves the court to reverse an order of Magistrate Judge Claudia Wilken denying plaintiff's motion to compel production of certain "peer review" documents from defendants Ross General Hospital ("Ross General" or "Ross") and Marin General Hospital Corporation ("Marin General" or "Marin") (collectively "defendants").

Defendants assert that the requested documents, primarily minutes from various meetings of the peer review committees at Ross General and Marin General, are privileged under California Evidence Code § 1157 and that this privilege should be applied by the court. Plaintiff, meanwhile, argues that federal courts in this circuit have not adopted and should not adopt such a privilege and that, even if this court did so, plaintiff falls within an exception to the privilege and, thus, is entitled to the requested documents.

## II. BACKGROUND

This action arises primarily from the rescission of plaintiff's surgical privileges and membership on the staffs of Marin General and Ross General hospitals. Beginning in 1981, plaintiff became associated and eventually gained entry into the medical staffs and obtained orthopedic and surgical privileges at both hospitals. In 1983, first Ross General and then Marin General suspended plaintiff's surgical privileges. These suspensions were followed by the permanent revocation of plaintiff's surgical privileges at Ross General in January, 1985, and the subsequent permanent revocation of plaintiff's surgical privileges at Marin General. Plaintiff was permanently removed from the medical staff of Ross General in August 1986, and later from the medical staff of Marin General.

Plaintiff alleges that, originating with the suspensions in 1983, defendants conspired to monopolize the southern Marin County market for orthopedists and eliminate the competition from plaintiff's practice in violation of the Sherman Act, 15 U.S.C. §§ 1 & 2. The two hospitals, along with the several individual defendants, plaintiff contends, effectively controlled all in-patient orthopedic care in the area. In his complaint, as amended, plaintiff moves the court to order defendant Marin to reinstate his staff surgical privileges,[1] to order defendants to refrain from further anti-competitive behavior towards him, and for damages.

Plaintiff also moves the court, should it deny plaintiff's motion to reverse Magistrate Judge Wilken's order, to certify this issue for appeal, pursuant to 28 U.S.C. § 1292(b), to the Ninth Circuit Court of Appeals. Likewise, defendants move the court to certify the issue for appeal should the court grant plaintiff's motion.

## III. THE MAGISTRATE'S ORDER

Plaintiff asks the court to reverse the October 12, 1990 order of Magistrate Judge Claudia Wilken denying plaintiff's motion to compel Ross and Marin to produce documents pertaining to the various stages of peer review of him at the two hospitals. In denying plaintiff's motion to compel, Magistrate Judge Wilken ruled, *inter alia,* that:

(1) In the absence of federal common law on the applicability of a peer review privilege to cases such as this, a court is required to balance the competing state and federal policies on the issue. The Health Care Quality Improvement Act of 1986, and the legislative history surrounding it, although not governing this case, provides guidance as to federal policy on this question and indicates Congress' intent to elevate the interest in allowing unfettered peer review committee action over the interest in enforcing antitrust policy;

(2) California's privilege against discovery of peer review materials applies in this case and plaintiff does not fall within an exception to the privilege for physicians seeking reinstatement of staff privileges because Ross General is no longer open for business and, at the time of Magistrate Wilken's order, there was no motion to compel discovery against Marin before her; and

(3) The exception to the California privilege also does not apply because plaintiff's suit is primarily a damages action, albeit with injunctive relief requested and, under

---

**1.** Defendant Ross has filed for bankruptcy and is no longer in business as a surgical hospital. Plaintiff contends, however, that, under his conspiracy to interfere with competition claims, discovery of peer review materials from each defendant is vital to his attempt to secure relevant evidence against every other defendant.

relevant California decisions, the exception only applies to administrative mandamus actions where no damages are sought.

## IV. DISCUSSION

### A. Magistrate Judge Wilken's Order

Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A) provide that a magistrate's non-dispositive order should be reversed if it is "clearly erroneous or contrary to law." Upon careful review of the briefs of all parties and of the relevant law, the court is convinced that Magistrate Judge Wilken's denial of plaintiff's motion to compel was clearly erroneous and contrary to law and must, therefore, be reversed.

Under California evidentiary law: "Neither the proceedings nor the records of ... a peer review body ... shall be the subject of discovery." Cal.Evid.Code § 1157(a). At the same time, however, "[t]he prohibition relating to discovery ... does not apply ... to any person requesting hospital staff privileges." Cal.Evid.Code § 1157(c).

■ Federal courts in the Ninth Circuit have yet to adopt California's peer review privilege. Under Federal Rule of Evidence 501, in the absence of a controlling statute, courts look to common law principles to determine the applicability of evidentiary privileges.

■ Although not required to adopt state law privileges, in deciding whether or not to do so federal courts look to the policies embodied in a state law privilege, including the need for confidentiality in particular situations, and balance these policies against the countervailing general need for probative evidence and any other competing federal policies. *See, e.g., University of Pennsylvania v. EEOC*, 493 U.S. 182, 189–90, 110 S.Ct. 577, 582, 107 L.Ed.2d 571, 582 (1990) (refusing to adopt peer review privilege for university tenure review materials). As the United States Supreme Court recently reiterated: "We

are especially reluctant to recognize a privilege in an area where it appears that Congress has considered the relevant competing concerns but has not provided the privilege itself." *Id.*

■ In the Health Care Quality Improvement Act of 1986, 42 U.S.C. §§ 11101, *et seq.* ("HCQIA"), Congress gave qualified immunity from suit to officials who conduct peer reviews meeting certain standards specified by HCQIA.[2] Magistrate Judge Wilken correctly concluded that HCQIA does not directly apply to this case since the peer review activities at issue in this case predated the effective date of HCQIA (November 14, 1986). The magistrate, nonetheless, viewed the legislative history surrounding the HCQIA as important in discerning the federal policy in this area.

Assuming, *arguendo*, that the legislative history of a statute not applicable to a particular matter is relevant to a determination of federal policy in that area, the court must disagree with Magistrate Judge Wilken in her interpretation of HCQIA. First, the passage of a statute specifically addressing peer review issues and, indeed, the giving of qualified immunity to peer reviewers, is strong evidence that Congress not only considered the importance of maintaining the confidentiality of the peer review process, but took the action it believed would best balance protecting such confidentiality with other important federal interests. Congress spoke loudly with its silence in *not* including a privilege against discovery of peer review materials in the HCQIA.

Second, Congress expressly limited the protections given in HCQIA to professional review actions taken "in the reasonable belief that the action was in the furtherance of quality health care," 42 U.S.C. § 11112(a)(1), and stated that the protection does not apply where the information involved "is false and the person providing it knew that such information was false." 42 U.S.C. § 11111(a)(2). The court has no way

---

**2.** Immunity is provided for persons conducting "professional review actions", defined as including reviews of the conduct of individual physi-

cians by a health care entity. 42 U.S.C. § 11151(a).

of knowing at this stage in the proceedings, of course, whether the relevant actions were taken in furtherance of quality health care and/or whether the information provided was knowingly false, for a resolution of these issues, which go to the very heart of plaintiff's claims, requires discovery in order to determine the facts in contention.

If the actions were deliberately anticompetitive, it is obvious that either the relevant information was false or misleading or the actions taken were not in furtherance of quality health care or both. Only through discovery can it be determined whether or not even the limited immunity granted by the statute would apply, if, *arguendo*, the statute governed this action, let alone whether the documents might even arguably be privileged.

Although the court addresses the HCQIA interpretation issue in the interest of completeness and context, it is not necessary to decide that issue to resolve this matter, and the court declines to do so, because the court finds that, even applying California's evidentiary privilege against discovery of peer review documents, plaintiff is still entitled to discovery of the requested documents. The California privilege explicitly "does not apply to any person requesting hospital staff privileges." Cal.Evid.Code § 1157(c). Plaintiff in this matter, a physician, has, from the beginning, requested reinstatement of precisely such privileges.

A key factor in Magistrate Judge Wilken's decision to deny plaintiff's motion to compel was that, at that time, it involved only Ross, an institution then unable, under any circumstances, to reinstate plaintiff's privileges because it was no longer open for business. Subsequently, however, plaintiff and Marin entered into a stipulation, filed with the court, to the effect that plaintiff's motion to compel production filed against Ross shall be deemed to have been made against Marin as well. Moreover, the court is persuaded by plaintiff's argument that, inasmuch as the gravamen of plaintiff's complaint is that all defendants conspired to suppress competition, the actions of one peer review body might well be highly relevant vis-a-vis all defendants.

The court finds nothing in *California Eye Institute v. Superior Court of Fresno County*, 215 Cal.App.3d 1477, 264 Cal.Rptr. 83 (1989), or any other relevant California decision, which is inconsistent with such an interpretation of the California privilege at issue. It is true that the *California Eye* court noted that the exception for persons requesting hospital staff privileges was limited to doctors seeking the California remedy of "administrative mandamus." *Id.* at 1481, 264 Cal.Rptr. 83. This statement, however, is not dispositive of the instant case, as the court expressly declined to address the issue of the application of the privilege in cases where a physician's staff privileges have been, as here, "entirely denied, suspended, or terminated." *Id.* at 1481 n. 3, 264 Cal.Rptr. 83.

More importantly, because the California remedy of "administrative mandamus" is unavailable to plaintiff in federal court, the court finds without merit the argument that plaintiff should be denied vital discovery because he did not request such relief, or because he included damages claims in an action also asking the court to direct the hospital to restore his privileges. Thus, even if the court were to adopt the California privilege against discovery of peer review materials, plaintiff would still be entitled to discovery of the requested documents.

As a result, the court finds Magistrate Judge Wilken's October 12, 1990 order denying plaintiff's motion to compel production of peer review records to be clearly erroneous and contrary to law and hereby REVERSES that order. The court wishes to stress, however, the limited nature of its holding in this case. It does not purport to interpret the Health Care Quality Improvement Act vis-a-vis actions to which, unlike in this case, that Act is directly applicable. The court only addresses the issues involved to the limited extent necessary to decide the particular motion before it.

**B. Certification for Immediate Appeal**

Because the court grants plaintiff's motion to reverse Magistrate Judge Wilken's

order, the court now addresses defendants' motion to certify this issue for appeal, pursuant to 28 U.S.C. § 1292(b), to the Ninth Circuit Court of Appeals. The court finds that its order reversing Magistrate Judge Wilken's denial of plaintiff's motion to compel peer review records does not "involve[ ] a controlling question of law as to which there is a substantial ground for difference of opinion" and that "an immediate appeal from the order" will not "materially advance the ultimate termination of the litigation." Thus, pursuant to 28 U.S.C. § 1292(b), the court hereby DENIES defendants' motion to certify this order for immediate appeal to the Ninth Circuit Court of Appeals. Discovery, as ordered herein, shall proceed forthwith.

### V. CONCLUSION

In accordance with the foregoing, it is hereby ORDERED that:

(1) Magistrate Judge Wilken's order, of October 12, 1990, denying plaintiff's motion to compel production of documents is REVERSED insofar as it prevents the discovery of peer review materials in this action;

(2) Plaintiff's motion to compel production of documents is GRANTED and defendants are ordered to produce the relevant peer review materials forthwith;

(3) Defendants' motion for immediate interlocutory review of this order, pursuant to 28 U.S.C. § 1292(b), is hereby DENIED.

IT IS SO ORDERED.