398

Dr. Raman K. TALWAR, Plaintiff

v.

MERCER COUNTY JOINT TWP.
COMMUNITY HOSPITAL,
et al., Defendant.

No. 3:06CV03092.

United States District Court,
N.D. Ohio,
Western Division.

June 22, 2007.

Jerry O. Pitts, Lima, OH, for Plaintiff.

Catherine M. Ballard, Donald R. Keller, Bricker & Eckler, Columbus, OH, for Defendant.

## ORDER

CARR, Chief Judge.

This is a suit by a doctor against a hospital, its trustees, executive committee, and members of its staff. Plaintiff claims, *inter alia*, that his staff privileges were withdrawn in violation of his contract with the hospital, on the basis of his Asian background and origin, and without due process of law.

Pending are motions by the defendants to: 1) file a forthcoming motion for partial summary judgment under seal;[1] and 2) stay discovery pending adjudication of that motion.

Plaintiff does not oppose the first motion, which is based on the privilege provided under O.R.C. § 2305.24 *et seq.* That statute protects documents and testimony related to the medical peer review process from disclosure. Because plaintiff does not oppose that motion, it shall be granted.[2]

In seeking to stay discovery, defendants contend that under the Health Care Quality Improvement Act [HCQIA], 42 U.S.C.A.

1. Defendants indicated that they would be filing their motion for partial summary judgment by March 23, 2007. The pendency of the instant motions was overlooked after the plaintiff filed his oppositions. This occurred because defendants did not file a reply to the plaintiff's responses to the motions. Normal procedure in my office is to wait for the filing of a reply, as had been scheduled at the case management conference, before motions are referred to me for adjudication. A decision not to file a reply is, of course, often sensible and can save the client unnecessary expenditure of attorneys' fees. Sometimes, though, the lack of a reply or notice

that one will not be filed, especially when one has been scheduled, causes delay in consideration of pending motions, as happened here.

I offer the foregoing not as a criticism of anyone, but simply to explain to the parties why no ruling was made sooner on these motions [and, most particularly, on the motion, not opposed by the plaintiff, to permit filing of certain materials under seal].

2. No ruling is, however, made with regard to the applicability in this federal forum of the state-created peer review privilege.

§ 11101 *et seq.*, participants in the peer review process are absolutely entitled to immunity from damages. Defendants state that their motion for partial summary judgment will be based on this immunity, and assert that the utility and effectiveness of that protection can and will be undermined if discovery is allowed before that motion is adjudicated.

Defendants do not cite, and independent research has not uncovered, a case in which all discovery was stayed pending a summary judgment motion based on HCQIA. While, as defendants note, some courts have on occasion stayed discovery pending adjudication of immunity issues in other contexts, *see, e.g., Chagnon v. Bell*, 642 F.2d 1248, 1266 (D.C.Cir.1980), it appears appropriate in this case to limit discovery only after a specific dispute has arisen, rather than in the abstract and *in toto.*

This is particularly so in view of the fact that some courts have granted limited discovery even as to issues of immunity under HCQIA. *See Wahi v. Charleston Area Medical Center,* 453 F.Supp.2d 942, 948 (S.D.W.Va.2006) ("The court then ordered the parties to engage in limited discovery and brief the court on whether defendants are entitled to immunity from civil liability under the HCQIA for all claims except civil rights claims."); *see also Sugarbaker v. SSM Health Care,* 187 F.3d 853, 857 (8th Cir.1999) (appellate court noted that plaintiff had been permitted to conduct discovery over defendants' opposition, stating that "[i]t seems to us perfectly reasonable to depose persons involved in the peer review process, especially when the reasonableness of that process would be at issue in deciding [defendants'] HCQIA motion"); *Teasdale v. Marin General Hosp.,* 138 F.R.D. 691, 694 (N.D.Cal.1991) ("Congress spoke loudly with its silence in not including a privilege against discovery of peer review materials in the HCQIA.").

Indeed, several federal courts have declined to apply a state-created privilege for peer review proceedings. *See, e.g., Virmani v. Novant Health, Inc.,* 259 F.3d 284, 292 (4th Cir.2001) (refusing to allow privilege in case alleging discrimination during the peer review process); *In re Administrative Subpoena Blue Cross Blue Shield of Massachusetts, Inc.,* 400 F.Supp.2d 386, 393 (D.Mass. 2005).

For now, therefore, I will overrule defendants' motion to stay all discovery. This decision is entirely without prejudice to the right of the defendants to oppose discovery requests with specific reasons as to why the particular discovery should not occur.

It is, therefore,

ORDERED THAT:

1. Defendants' motion to seal certain proceedings [Doc. 11] be, and the same hereby is granted; and

2. Defendants' motion for protective order to stay discovery [Doc. 10] be, and the same hereby is denied, without prejudice.

So ordered.