**United States Court of Appeals**

FOR THE EIGHTH CIRCUIT

_____

No. 96-3683

_____

Stan Dobrovolny; Kent Bernbeck;                              *
Richard Bellino,                    *
                                    *
          Appellants,               *
                                    *
     v.                             *  Appeal   from   the   United
States District
                                    *  Court  for  the  District  of
Nebraska.
Scott A. Moore, individually and                              *
officially, Secretary of State for the                       *
State of Nebraska,                  *
                                    *
          Appellee.

_____

          Submitted:   May 20, 1997
             Filed:    October 16, 1997

_____

Before McMILLIAN, ROSS and FAGG, Circuit Judges.

_____

ROSS, Circuit Judge.

     Stan Dobrovolny, Kent Bernbeck and Richard Bellino,
initiative petition organizers (appellants), appeal from
the district court's[1] conclusion that article III, § 2

_____

[1]The Honorable  Richard G. Kopf, United States District Judge for the District
of Nebraska

of the Nebraska Constitution, as interpreted by the Nebraska Supreme Court in Duggan v. Beermann, 515 N.W.2d 788, 793-94 (Neb. 1994), does not violate their right to freedom of speech or procedural due process as guaranteed by the First and Fourteenth Amendments.  We affirm.

I.

Article II, §§ 1, 2 and 4 of the Nebraska Constitution, allow the people of Nebraska to amend their state constitution through the initiative petition process.  Under article III, § 2, as interpreted in Duggan, the number of petition signatures necessary to place an initiative measure on the ballot is equal to 10% of the number of registered voters in Nebraska on the date that initiative petitions must be submitted to the Nebraska secretary of state.  515 N.W.2d at 793-94.  As a result, initiative proponents cannot know the exact number of signatures necessary to place their measures on the ballot until they submit their petitions to the secretary of state for review.  Appellants brought this § 1983 action, alleging that article III, § 2 violates their First Amendment right to free speech, as well as their right to due process of law under the Fourteenth Amendment, because they have insufficient prior notice of the number of signatures required for any given initiative petition.

II.

Appellants rely primarily on Meyer v. Grant, 486 U.S. 414 (1988), to support their contention that the

established procedure for calculating the required number of signatures violates their First Amendment right to free speech. In Meyer, the Supreme Court held that a Colorado statute, which made it a felony to pay circulators of initiative petitions, violated the First Amendment. In its First Amendment analysis, the Court applied "exacting scrutiny" because the statute restricted "the type of interactive

communication concerning political change that is appropriately described as 'core political speech.'" Id. at 420-22.

We agree with the district court's conclusion that the appellants' inability to know in advance the exact number of signatures required in order to place their initiative measures on the ballot in no way restricted their ability to circulate petitions or otherwise engage in political speech, and therefore the decision in Meyer is inapplicable. In contrast to the Colorado statute which limited the number of voices available to convey a particular political message, as well as the size of the audience that could be reached, the constitutional provision at issue here does not in any way impact the communication of appellants' political message or otherwise restrict the circulation of their initiative petitions or their ability to communicate with voters about their proposals. Nor does the provision regulate the content of appellants' political speech. While the Nebraska provision may have made it difficult for appellants to plan their initiative campaign and efficiently allocate their resources, the difficulty of the process alone is insufficient to implicate the First Amendment, as long as the communication of ideas associated with the circulation of petitions is not affected. As the Eleventh Circuit noted in Biddulph v. Mortham, 89 F.3d 1491, 1498 (11th Cir. 1996), cert. denied, 117 S. Ct. 1086 (1997), "Meyer does not require us to subject a state's initiative process to strict scrutiny in order to ensure that the process be the most efficient or affordable. Absent some showing that the

initiative process substantially restricts political discussion . . . <u>Meyer</u> is inapplicable."

Because article III, § 2, as interpreted by the Nebraska Supreme Court in <u>Duggan</u>, does not involve restrictions on the circulation of petitions nor the communication of  speech, political or otherwise, we affirm the district court's conclusion that the provision does not violate the First Amendment.

III.

The appellants also argue that article III, § 2 violates their right to procedural due process because the appellants and other initiative proponents are without notice of the precise minimum number of valid registered voter signatures required to place an initiative on the ballot prior to the time they file their petitions with the State. Hence, appellants contend their expenditures of time and money is placed at risk for no compelling governmental reason.

The possession of a protected life, liberty or property interest is a condition precedent to the government's obligation to provide due process of law, and where no such interest exists, there can be no due process violation. Movers Warehouse, Inc. v. City of Little Canada, 71 F.3d 716, 718 (8th Cir. 1995). The appellants contend that they have a property interest at stake in their initiative campaigns because of their investments of time, money and effort in the initiative process. They also assert that they have some kind of liberty interest that is affected by the fact that they cannot know the exact number of signatures necessary to place an initiative on the ballot during an initiative campaign. Those asserted interests purportedly give them a right to procedural due process. We disagree.

Clearly, the right to a state initiative process is not a right guaranteed by the United States Constitution, but is a right created by state law. See Taxpayers United for Assessment Cuts v. Austin, 994 F.2d 291, 295 (6th Cir. 1993). Moreover, the procedures involved in

the initiative process, including the calculation of the number of signatures required to place an initiative measure on the ballot, are state created and defined. Therefore, if any right to the initiative process or specifically to prior notice exists, it is dependent upon a finding that state law has created in appellants an interest substantial enough to rise to the level of a "legitimate claim of entitlement" protected by the Due Process Clause. Board of Regents v. Roth, 408 U.S. 564, 577 (1972); Montero v. Meyer, 13 F.3d 1444, 1447 (10th Cir.), cert. denied, 513 U.S. 888 (1994).

The state "retains the authority to interpret [the] scope and availability"of any state-conferred right or interest. Biddulph, 89 F.3d at 1500 (quoting Gibson v. Firestone, 741 F.2d 1268, 1273 (11th Cir. 1984)). "[A] liberty interest created by state law is by definition circumscribed by the law creating it." Montero, 13 F.3d at 1450.

Clearly, appellants can claim no constitutionally-protected right to place issues before the Nebraska electorate; any opportunity to do so must be subject to compliance with state constitutional requirements. See id. at 1446-47. Nor do appellants have a state right to prior notice of the exact number of signatures required to place an initiative measure on the ballot. Having no such right under state law, the appellants have no right or interest which would entitle them to due process protection.

IV.

Based on the foregoing, the judgment of the district court is affirmed.[2]

---

[2]Appellants also argue that article III, § 2 of the Nebraska Constitution violates their constitutional rights to assembly, to petition the government for redress of grievances and to substantive due process. Because these claims were not properly raised before the district court, we decline to consider them for the first time on appeal. See Renfro v. Swift Eckrich, Inc., 53 F.3d 1460, 1464 (8th Cir. 1995) (refusing to consider issues raised for the first time on appeal unless exceptional circumstances exist).

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.