# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 98-3199

_____

| | | |
|---|---|---|
| Stephen P. Sugarbaker, M.D., | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| SSM Health Care, d/b/a St. Marys | * | |
| Health Center, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: April 19, 1999
Filed: August 19, 1999

_____

Before BEAM and HANSEN, Circuit Judges, and KOPF,[1] District Judge.

---

[1] The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska, sitting by designation.

## I. Background

The basic facts associated with the legal dispute between Dr. Stephen P. Sugarbaker and St. Marys are included in our opinion in Nos. 98-2742 and 98-2743. The additional facts relevant to the present appeal are as follows.

St. Marys restricted and then terminated the staff privileges of Dr. Sugarbaker. In August 1997, Dr. Sugarbaker filed suit alleging that St. Marys' actions violated federal antitrust laws, as well as various Missouri state laws, including breach of contract. The district court denied St. Marys' motions to dismiss the case. On January 12, 1998, St. Marys filed a motion for summary judgment on the basis of immunity under the Health Care Quality Improvement Act of 1986 (HCQIA). See 42 U.S.C. §§ 11111(a)(1), 11112(a) (1994). In response, Dr. Sugarbaker filed a motion for additional time to conduct discovery. See Fed. R. Civ. P. 56(f). The district court granted Dr. Sugarbaker's motion and denied St. Marys' motion without prejudice. In May 1998, after the completion of discovery, St. Marys filed a second HCQIA summary judgment motion. St. Marys also filed a motion for summary judgment on the merits of Dr. Sugarbaker's claims.

On June 10, 1998, the district court granted summary judgment in favor of St. Marys on the basis of HCQIA immunity. On June 25, 1998, St. Marys filed a motion for attorneys' fees pursuant to the HCQIA's fee-shifting provision. See 42 U.S.C. § 11113 (1994). St. Marys' motion, however, was untimely. See Fed. R. Civ. P. 54(d)(2)(B). On July 10, 1998, St. Marys requested leave to file its motion out of time. See Fed. R. Civ. P. 6(b)(2). The district court summarily denied the motion for attorneys' fees and did not expressly rule on St. Marys' request to file its motion out of time. The substantive portion of the district court's order reads as follows:

> Before this Court is defendant's Motion for Fees . . . . The Health
> Care Quality Improvement Act contains a fee-shifting provision. 42

U.S.C. 11111 [sic - § 11113]. However, this Court finds that the plaintiff's claim was not frivolous and was not made in bad faith.

Sugarbaker v. SSM Health Care, No. 97-4239-CV-C-SOW, Order (W.D. Mo. July 15, 1998). St. Marys appeals.

## II. Analysis

A.      Timeliness of St. Marys' Fee Request

We must first determine whether the district court abused its discretion in considering St. Marys' untimely fee request. Under Federal Rule of Civil Procedure 54(d)(2)(B), a motion for attorneys' fees "must be filed and served no later than 14 days after entry of judgment." In this case, the district court entered its judgment on June 10, 1998, and St. Marys filed its motion for fees on June 25, 1998, one day out of time. See Fed. R. Civ. P. 6(a). On July 10, 1998, St. Marys requested leave to file its motion out of time pursuant to Federal Rule of Civil Procedure 6(b)(2). The district court never expressly ruled on St. Marys' July 10th request. Rather, the district court denied St. Marys' motion for attorneys' fees on the merits. We may assume, therefore, that the district court implicitly gave St. Marys' leave to file its motion out of time when it addressed the merits of St. Marys' fee request.

With a few enumerated exceptions not relevant to the present appeal, Rule 6(b)(2) permits a district court to address an untimely motion "where the failure to [timely] act was the result of excusable neglect." In the default context, we have recently recognized that "'excusable neglect' includes 'late filings caused by inadvertence, mistake or carelessness.'" Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 784 (8th cir. 1998) (quoting Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 388 (1993)). Although we must consider "all relevant circumstances," the following factors are particularly important: (1) the possibility of

3

prejudice to Dr. Sugarbaker; (2) the length of St. Marys' delay and the possible impact of that delay on judicial proceedings; (3) St. Marys' reasons for delay, including whether the delay was within its reasonable control; and (4) whether St. Marys acted in good faith.  See id.

St. Marys claims that it filed its motion for attorneys' fees one day late because it miscalculated the deadline.  Thus, the late filing was due to "inadvertence, mistake or carelessness" and could possibly be excused.  Considering the relevant circumstances, we conclude that even though St. Marys' failure to comply with the deadlines imposed by Rule 54(d)(2)(B) was within its own control, its failure to file its motion on time was nonetheless excusable neglect.  First, St. Marys' filed its motion only one day late.  Hence, Dr. Sugarbaker was not prejudiced.  Second, the one day delay did not adversely impact any further judicial proceedings—this court has been able to address the present fee issue contemporaneously with the merits of the underlying legal dispute.  Finally, we have no reason to doubt St. Marys' good faith. Therefore, we hold that the district court did not abuse its discretion in considering St. Marys' untimely fee request.  See Texas Manufactured Housing Ass'n, Inc. v. Nederland, 101 F.3d 1095, 1107 (5th Cir. 1996) (applying abuse of discretion standard to a district court's decision permitting defendants to file an untimely motion for attorneys' fees even though the defendants' motion to extend the time for filing was not tendered until after the time for filing the motion for fees had expired), cert. denied, 521 U.S. 1112 (1997).

B.    The Merits of St. Marys' Fee Request

The HCQIA includes a statutory fee-shifting provision for certain successful defendants.  In relevant part, that provision states:

[T]o the extent that a defendant has met the standards for [HCQIA immunity] set forth under section 11112(a) . . . and the defendant

4

substantially prevails, the court shall, at the conclusion of the action, award to a substantially prevailing party defending against any such claim the cost of the suit attributable to such claim, including a reasonable attorney's fee, if the claim, or the claimant's conduct during the litigation of the claim, was frivolous, unreasonable, without foundation, or in bad faith. For the purposes of this section, a defendant shall not be considered to have substantially prevailed when the plaintiff obtains an award for damages or permanent injunctive relief.

42 U.S.C. § 11113

By its plain language, section 11113 of the HCQIA involves three separate inquiries. First, the court must decide whether the defendant has satisfied the standards identified in section 11112(a). In other words, the peer review process must qualify for HCQIA

Turning to the merits, we note that St. Marys' motion for attorneys' fees before the district court included two arguments. St. Marys first argued that Dr. Sugarbaker's litigation conduct in opposing the hospital's first HCQIA motion was unreasonable, frivolous, without merit, or in bad faith. St. Marys' second argument was that Dr. Sugarbaker's claim that St. Marys was not entitled to HCQIA immunity was itself unreasonable, frivolous, without merit, or in bad faith. The district court's order only addresses St. Marys' second argument, and it provides virtually no substantive analysis. On appeal, St. Marys contends that the district court abused its discretion in failing to consider the hospital's argument that Dr. Sugarbaker's litigation conduct—as opposed to his claims—merited an award of attorneys' fees.

We agree that the district court's order is cursory. Notwithstanding the brevity of the district court's order, however, we may affirm its judgment on any basis reasonably supported by the record. See Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 362 (8th Cir. 1997). As we explain below, in view of both the record evidence and the state of the law at the time the present case was pending before the district court, we conclude that St. Marys is not entitled to attorneys' fees.

1.    Dr. Sugarbaker's Litigation Conduct

After St. Marys filed its first HCQIA motion, Dr. Sugarbaker filed a motion for additional time to conduct discovery pursuant to Federal Rule of Civil Procedure 56(f). The district court granted Dr. Sugarbaker's motion. St. Marys contends, however, that the record was sufficiently complete when it filed its first HCQIA motion, and therefore, Dr. Sugarbaker's Rule 56(f) motion was improper. We disagree.

St. Marys asserts that Dr. Sugarbaker was wrong to direct additional discovery to the alleged bad faith of various peer review participants. According to St. Marys, because bad faith is irrelevant to the question of HCQIA immunity, Dr. Sugarbaker's litigation conduct was improper. This argument rings hollow in view of the law

6

existing at the time this case was pending before the district court. When St. Marys filed its first HCQIA motion, this court had not yet spoken on the question of HCQIA immunity. Therefore, Dr. Sugarbaker cannot now be faulted for having investigated the personal motives of the peer review participants.

St. Marys also contends that Dr. Sugarbaker's litigation conduct was improper because he deposed persons involved in the peer review process but ultimately relied on facts that were in existence at the time St. Marys filed its first HCQIA motion. Again, we must disagree. It seems to us perfectly reasonable to depose persons involved in the peer review process, especially when the reasonableness of that process would be at issue in deciding St. Marys' HCQIA motion. The fact that their deposition testimony did not help Dr. Sugarbaker's case is of little concern to us.

In sum, having carefully reviewed the record in this case, we hold that Dr. Sugarbaker's litigation conduct was not unreasonable, frivolous, without foundation, or in bad faith. Consequently, St. Marys is not entitled to attorneys' fees on account of Dr. Sugarbaker's litigation conduct.

2.    Dr. Sugarbaker's Claims

In his complaint, Dr. Sugarbaker pleaded the absence of HCQIA immunity. St. Marys argues that this pleading was an improper claim within the meaning of 42 U.S.C. § 11113. This argument is meritless. As we have already noted, at the time this suit was pending in the district court, no Eighth Circuit precedent existed that addressed the standards for HCQIA immunity. As such, we fail to see how merely pleading the absence of immunity, without more, amounts to an improper claim. See Mathews, 87 F.3d at 642 (noting the importance of resisting the "temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation") (quotations omitted).

7

St. Marys next argues that Dr. Sugarbaker's antitrust and breach of contract claims were unreasonable. Because St. Marys did not raise these issues before the district court, we will not consider them on appeal. See Dobrovolny v. Moore, 126 F.3d 1111, 1114 n.2 (8th Cir. 1997) (noting that absent exceptional circumstances, this court refuses to consider issues that are raised for the first time on appeal), cert. denied, 118 S. Ct. 1188 (1998). In its reply brief, St. Marys contends that it has preserved these arguments because the substance of the issues was put to the test in its motions to dismiss and its motion for summary judgment on the merits. We disagree. The mere fact that a particular claim might not survive until a trial does not necessarily mean that the claim is unreasonable. If St. Marys wanted to argue these issues in its motion for attorneys' fees, it should have done so.

Having carefully reviewed the record, we hold that Dr. Sugarbaker's claims do not support an award of attorneys' fees.

## III.

The district court's judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT