IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40197
Summary Calendar
_____

ALVIN LEE; DIANA LEE,

Plaintiffs-Appellants,

versus

JEFFERSON COUNTY, TEXAS, Commissioners Court,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:00-CV-48
--------------------
March 13, 2001

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:*

Allen and Diana Lee, residents of Beaumont, Texas, appeal the district court's order denying their motion for a preliminary and permanent injunction to halt the Jefferson County (Tex.) Commissioners' Court from authorizing the issuance of $55 million in certificates of obligation for a public entertainment complex in Beaumont.

The district court did not abuse its discretion in concluding that the Commissioners' actions did not violate the Lees' First Amendment right to petition the Government for

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

redress of grievances, because there is no constitutional right to petition for a municipal initiative election, or their Fourteenth Amendment due process rights.  See White v. Carlucci, 862 F.2d 1209, 1211 (5th Cir. 1989); Citizens' Right to Vote v. Morgan, 916 F. Supp. 601, 607-08 (S.D. Miss. 1996); Dobrovolny v. Moore, 126 F.3d 1111, 1113 (8th Cir. 1997).  Even if the Lees had shown that the Commissioners violated their First Amendment rights within the context of the State-created election process, see Meyer v. Grant, 486 U.S. 414, 424-25 (1988), they made no serious effort to establish any of the other criteria for obtaining either a preliminary or permanent injunction.  See Lakedreams v. Taylor, 932 F.2d 1103, 1107 (5th Cir. 1991); Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 546 n.12 (1987).

The judgment of the district court is AFFIRMED.