James HENDRIX, Jr., and Tanya Hendrix *v.* Matt BLACK, Katie Black, and K.B., a Minor

07-997 283 S.W.3d 590

Supreme Court of Arkansas
Opinion delivered April 24, 2008

*John W. Yeargan, Jr.*, for appellants.

*William Harry McKimm*, for appellees.

JIM HANNAH, Chief Justice. James Hendrix, Jr. and Tanya Hendrix appeal an order of the Circuit Court of Montgomery County, Probate Division, denying their petition for grandparent visitation. The Hendrixes raise two points on appeal. First, they argue that the circuit court erred when it denied grandparent visitation rights. Second, they argue that the circuit court erred in refusing to grant a hearing on visitation. We hold that there is no error and affirm. Appellate jurisdiction lies in this court under Ark. Sup. Ct. R. 1-2(a)(1).

*Facts*

K.T. was born to Katie Natasha Black on June 4, 2002. K.T.'s putative father was Joshua Troy Hendrix. Katie and Joshua were never married. Joshua died on October 9, 2001. The record does not reveal that Joshua was ever aware of Katie's pregnancy. Further, the record does not reveal that Joshua ever attempted to establish his paternity.

At some time prior to August 4, 2003, Katie married Matthew Black. On August 4, the Johnson County Circuit Court, Domestic Relations Division, granted Katie's Petition for Paternity and entered a judgment of paternity declaring Joshua to be K. T.'s father. On December 1, 2006, Katie and Matthew Black filed a petition in Montgomery County Circuit Court, Probate Division, in which Matthew sought to adopt K.T. That petition was granted on the day it was filed.

On February 13, 2007, the Hendrixes filed a petition to intervene in the probate proceedings. They sought to set aside the adoption and obtain a visitation order. The circuit court granted

the motion to intervene,[1] denied the petition to set aside the adoption, and found that the petition for visitation should have been filed in the Domestic Relations Division of the Montgomery County Circuit Court. The Hendrixes filed a timely notice of appeal.

## Denial of Visitation

The Hendrixes assert that the circuit court erred in finding that because "the biological mother and not the deceased father proved paternity," visitation could not be granted under Ark. Code Ann. § 9-9-215(a)(1) (Supp. 2005). Section 9-9-215(a)(1)[2] permits a court to grant grandparent visitation to the biological grandparents whose legal relationship to the child is cut off by the adoption. However, certain requirements must be met. One requirement is that the putative father "legally established his paternity prior to the filing of a petition for adoption by a stepparent." Id.

We do not reach the issue of error in denying visitation because the Hendrixes obtained no ruling on visitation. The circuit court stated in relevant part in the order as follows:

> A. C. A. Section 9-9-215(a)(1) contemplates the possibility of visitation rights to parents of a deceased biological parent under these circumstances . . . . The Respondents may petition the Court with a new petition in the Domestic Relations Division.

The circuit court stated that the statute "contemplates the possibility of visitation" and the Hendrixes are instructed to file a "new petition in the Domestic Relations Division." The circuit court also stated that the rights to visitation must be established in accordance with Ark. Code Ann. § 9-13-103 (Supp. 2005); however, this is not a decision on visitation but merely an affirmation of the circuit court's belief that

---

[1] Intervention was granted because the court determined that James and Tanya should have but were not given notice of the adoption petition; however, the court concluded that they were not prejudiced by the failure to give notice. This decision is not appealed.

[2] Arkansas Code Annotated section 9-9-215(a)(1) (Repl. 2008) concerns the effect of a decree of adoption. It provides in pertinent part that, although adoption cuts off all legal relationships with the biological relatives, where a biological parent dies before a petition for adoption has been filed by a stepparent, the court may grant visitation to the grandparents when certain requirements are met.

the petition had to be filed in the domestic relations division where that statute is typically applied and where decisions on visitation are typically made. Also, there is no ruling that the Hendrixes could not be granted visitation under Ark. Code Ann. § 9-9-215(a)(1). The failure to obtain a ruling precludes appellate review because there is no order of a lower court on the issue for this court to review on appeal. *Baker v. Rogers*, 368 Ark. 134, 243 S.W.3d 94 (2006).

### Failure to Grant a Hearing

Alternatively, the Hendrixes argue that the circuit court erred in refusing to exercise jurisdiction and hear the issue of visitation under section 9-9-215(a)(1). The question raised is whether under amendment 80,[3] the probate division of the circuit court, which had jurisdiction over the adoption, also had jurisdiction to hear the issue of visitation, which is an issue within the jurisdiction of the domestic relations division of the circuit court.

We are unable to address this issue because the Hendrixes do not develop this argument sufficiently to allow appellate review. The Hendrixes argue in their brief that the circuit court erred in trying to force them to file a petition in the domestic relations division and that no new petition was required. They provide in support of this argument a cite to amendment 80 to the Arkansas Constitution; however, there is no discussion of the application of amendment 80. They further argue that "the effect of the trial court's ruling denies the deceased biological grandparents their day in court and flies in the face of a clear statutory duty to conduct a hearing." There is no argument beyond that noted above. This court will not consider an argument, even a constitutional one, if the appellant makes no convincing argument or cites no authority to support it. *See, e.g., Wooten v. State*, 351 Ark. 241, 91 S.W.3d 63 (2002). Further, if appellant's point is not apparent without further research, this court will not hear the matter. *Id.*

---

[3] While this issue is couched in terms of amendment 80, it would necessarily include application of Arkansas Supreme Court Administrative Order 14, implementing amendment 80, as well as the local administrative plan created pursuant to Administrative Order 14, which provides for the assignment of cases filed in the circuit court, criminal, civil, juvenile, probate, and domestic relations divisions.

We simply will not address issues on appeal that are not appropriately developed. *Spears v. Spears*, 339 Ark. 162, 3 S.W.3d 691 (1999).

Affirmed.