375 Ark. 547

**Robert MAULDING, Appellant,**

v.

**PRICE'S UTILITY CONTRACTORS, INC., Cincinnati Insurance Co., Second Injury Trust Fund, and Death & Permanent Total Disability Trust Fund, Appellees.**

No. 08–1449.

Supreme Court of Arkansas.

Feb. 12, 2009.

Diana M. Maulding, for appellant.

David L. Pake, for appellee Second Injury Trust Fund.

William C. Price, for appellees Price Utility Contractors, Inc. and Cincinnati Insurance Company.

**PER CURIAM.**

Appellant Robert Maulding seeks an order that all medical information regarding him be redacted in the abstracts, briefs, and addendums. This motion was certified to this court by the court of appeals because it concerns an issue of first impression. Thus, our jurisdiction is pursuant to Arkansas Supreme Court Rule 1–2(b)(1)(2008).

Maulding states that "this is an appeal from an Arkansas Workers' Compensation Commission case," and that "the Argument, Abstract, and Addendum" will contain "a lot of personal medical information" that "should not be in the public domain." He asks this court to order that "all medical information" be redacted by "lining out" with a "permanent black marker."

Maulding provides no reason for the requested redaction. He provides no convincing argument and no authority to show that his medical information should be excluded from the briefs on appeal. He simply asserts it should be excluded. This court will not consider an argument, even a constitutional one, if the appellant makes no convincing argument or cites no authority to support it. *Hendrix v. Black,* 373 Ark. 266, 283 S.W.3d 590 (2008). Also, if the point argued is not apparent without

research, this court will not hear the matter. *Id.*

■ Further, the issue is moot. At issue are documents in the addendum. An addendum appends to the brief documents that are found in the record. *See* Ark. Sup Ct. R. 4–2(a)(8)(2008) (The addendum must include an index of where any item can be found in the record.) Thus, the very information Maulding seeks to redact was disclosed below and already is in the record. Although Maulding fails to cite it, Administrative Order No. 19(VI)(A) specifically provides that where the information has already been disclosed in open court and is included in the verbatim transcript of court proceedings, the information is not excluded from public access.

The motion is denied.