2010 Ark. 131
**Anthony KOCH, Appellant,**

v.

**Nancy ADAMS and Danny Ebbs, Appellees.**

**No. 09–829.**

Supreme Court of Arkansas.

March 18, 2010.

818

Koch Law Firm, by: Reggie Koch, Little Rock, for appellant.

Mitchell, Blackstock, Barnes, Wagoner, Ivers & Sneddon, P.L.L.C., by: Clayton Blackstock, Little Rock, for appellee Nancy Adams.

Bequette & Billingsley, P.A., by: Jay Bequette, Little Rock, for appellee Danny Ebbs.

ROBERT L. BROWN, Justice.

Appellant Anthony Koch appeals the dismissal of his complaint by the Pulaski County Circuit Court relating to the seizure of his cell phone at school. We treat the motions to dismiss by the appellees, Nancy Adams and Danny Ebbs, as motions for summary judgment, and we affirm.

Koch was enrolled as a student at Sylvan Hills High School ("Sylvan Hills") in the Pulaski County Special School District ("School District") for the 2008–2009 school year. On September 4, 2008, Adams, a public-school teacher at Sylvan Hills, discovered that Koch had a cellular telephone in her classroom in violation of the School District's student handbook. Pursuant to the School District's disciplinary regulations, Adams confiscated the phone. According to Koch's complaint, he asked if he could remove the "SIM" card, which stores personal information, before turning over the phone. His request was denied. In accordance with School District policy, Adams delivered the phone with the SIM card installed to appellee Ebbs, Principal of Sylvan Hills, for storage. Koch and his parents then demanded the return of the phone, but it remained in possession of the School District for two weeks pursuant to the policy. Following the two-week period, neither Koch nor his parents requested to have the phone returned. On October 10, 2008, Ebbs sent the phone to Koch's father via certified mail.

On September 9, 2008, Koch filed a complaint against Adams in Pulaski County Circuit Court. He pled causes of action for conversion and trespass to chattels arising from Adams's alleged wrongful taking of Koch's property. On September 11, 2008, he amended his complaint to add Ebbs as a defendant. He also added a claim for unlawful taking of private property without due process of law. Compensatory and punitive damages were sought.

Adams answered the original complaint and the first amended complaint. Ebbs then filed an answer and moved to dismiss both complaints in a single pleading. In that pleading, he listed many "affirmative defenses," including the failure to state a claim upon which relief could be granted under Arkansas Rule of Civil Procedure 12(b)(6). He also listed statutory and governmental immunity as affirmative defenses. Under a heading titled "Motion to Dismiss," Ebbs moved to dismiss Koch's Complaint and First Amended Complaint due to failure to state facts upon which relief could be granted. Ebbs concurrently filed a brief in support of the motion to dismiss in which he urged that dismissal was required under Rule 12(b)(6) because Ebbs was immune from liability by statute. Adams then moved to dismiss and adopted Ebbs's motion and brief in support.

On February 10, 2009, Koch moved for injunctive relief and sought to prohibit the School District from seizing any student's personal property. That same day, Koch responded to the motions to dismiss and argued that Adams and Ebbs were subject to liability to the extent of any applicable insurance policy and that they failed to assert that there was no such policy. Koch also denied that the appellees were immune because the complaint alleged intentional torts.

On February 17, 2009, Ebbs replied to Koch's response to the motions to dismiss,

wherein he conceded that he was not entitled to statutory immunity "to the extent [Koch's] Complaint and First Amended Complaint allege intentional torts." Ebbs maintained, however, that the complaints were still subject to dismissal under Rule 12(b)(6) for failure to state a claim upon which relief could be granted. Three documents were attached to Ebbs's reply: "Exhibit A"—A copy of School District Rule 22, which prohibited possession of a cell phone at school and prescribed the sanctions for a violation, including confiscating the phone for two weeks; "Exhibit B"—the "Parent–Student Statement of Responsibility," signed by the plaintiff and Reggie Koch; and "Exhibit C"—page 34 from the School District's Parent/Student Handbook for Student Conduct and Discipline, which set forth certain grievance procedures.

On February 24, 2009, the circuit judge held a hearing on the motions to dismiss and announced his intention to grant them. An order to that effect was entered on March 30, 2009.

On appeal, Koch first claims that the circuit judge erred in granting the motions to dismiss.[1] He asserts that "the plain language of Arkansas Code Annotated section 6–18–502 does not authorize school districts to promulgate a policy that allows teachers to seize and keep students' personal property" and that "the school district has other less restrictive means of reaching its lawful objectives." Koch further contends that the circuit judge erred in holding that he was given due process before he was allowed (1) to engage in discovery, and (2) to produce evidence on

what notice was given to him, what due process he deserved, and what due process was given or denied. Based on the same arguments, Koch contends that the circuit judge erred in denying his motion for injunctive relief.

As a preliminary matter, while the parties treat this as an appeal from an order granting a motion to dismiss, three exhibits, as already noted, were attached to Ebbs's reply to Koch's response to the motions to dismiss. The judge's order of dismissal reads that his findings were "[b]ased upon the pleadings, arguments of counsel, and *other matters and things* before the Court." (Emphasis added.) It is well settled that when a circuit judge considers matters outside the pleadings, appellate courts will treat a motion to dismiss as one for summary judgment. *See, e.g., Bayird v. Floyd,* 2009 Ark. 455, 344 S.W.3d 80. Because it is clear to this court that the circuit judge considered exhibits outside of the pleadings in making his ruling, the 12(b)(6) dismissal by the judge is converted to one for summary judgment. *Id.*

Summary judgment is appropriate when there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. *See., e.g., Gentry v. Robinson,* 2009 Ark. 634, 361 S.W.3d 788. On appeal, this court determines if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. *Id.* This court views the evidence in the light most favorable to the

---

1. We note at the outset that Koch's addendum was deficient with respect to several motions, responses, and replies as well as briefs in support of such filings. Especially troublesome is the fact that he included only pleadings and arguments favorable to his side. Appellee Ebbs cured some of these deficiencies.

What salvages this case for our review is the order of the circuit judge, which specifically details the procedural history of this case; the motions, responses, replies, and accompanying briefs filed; and the circuit judge's ruling. This court, as a result, has sufficient documentation to decide the case.

party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.* Summary judgment is not proper where the evidence reveals aspects from which inconsistent hypotheses might reasonably be drawn and reasonable minds might differ. *Id.*

■ The essence of Koch's argument appears to be that any "taking" by state actors requires a state law expressly authorizing such a taking and that due process must be provided. He maintains that because section 6–18–502 does not specifically authorize the School District to seize students' cell phones, the School District exceeded its authority in doing so. In his brief on appeal, however, Koch cites no direct authority for this statement but instead relies on the Fourth Amendment to the U.S. Constitution for the general proposition that "persons in our country, shall be secure in their persons and property, and the Constitution protects us from unreasonable search and seizure without due process of law."

Koch also cites this court to various instances in which the Arkansas Constitution, state statutes, administrative regulations, or court rules authorize certain parties to seize property. The law he cites includes the following: Ark. Const. amend. 35 (creating the Arkansas Game and Fish Commission and granting broad authority to regulate wildlife); 002–00–001 Ark.Code R. § 01.00–B (Weil 2010) (granting authority to "make arrests, searches and seizures for violations of State game and fish laws and regulations."); Ark.Code Ann. § 27–5–1201 et seq. (Repl.1994 & Supp.2009) (authorizing law enforcement to remove unattended or abandoned vehicles in certain instances); Ark.Code Ann. § 5–64–505 (Supp.2009) (authorizing the seizure of property law enforcement reasonably believes was used in the production or sale of illegal drugs); and Ark. R.Crim. P. Art. IV

(2009) (general arrest provisions). None of the authority adduced by Koch is pertinent to this appeal; nor does it stand for the proposition he espouses that property cannot be seized without a specific law authorizing it.

■ As a result, we conclude that Koch's argument that the appellees' actions in seizing the cell phone were wrongful because no law specifically authorized that conduct is wholly conclusory. This court has repeatedly held that it will not consider an argument, even a constitutional one, if the appellant does not make a convincing argument or cite authority to support it. *See, e.g., Hendrix v. Black,* 373 Ark. 266, 283 S.W.3d 590 (2008). Accordingly, we will not consider this argument on the merits, and we affirm on this point.

Koch goes further and suggests that since section 6–18–502(c)(1) only expressly provides for suspension or dismissal as possible punishments for a cell-phone violation, the confiscation of personal property is not permitted. Koch also directs the court to other provisions in the Education Code that discuss potential punishments, such as Arkansas Code Annotated section 6–18–507, which provides for expulsion, nontraditional scheduling, and suspension.

■ We turn then to an analysis of the apposite statute. The basic rule of statutory construction is to give effect to the intent of the legislature. *See, e.g., Ozark Gas Pipeline Corp. v. Ark. Pub. Serv. Comm'n,* 342 Ark. 591, 599, 29 S.W.3d 730, 734 (2000) (quoting *Central & S. Cos., Inc. v. Weiss,* 339 Ark. 76, 3 S.W.3d 294 (1999)). In doing so, this court will consider the meaning and effect of a statute by construing it just as it reads and giving the words their ordinary and usually accepted meaning in common language. *Maddox v. City of Fort Smith,* 369

Ark. 143, 146–47, 251 S.W.3d 281, 284 (2007). A statute is ambiguous only where it is open to two or more constructions, or where it is of such obscure or doubtful meaning that reasonable minds might disagree or be uncertain as to its meaning. *Id.*

■■■■ Section 6–18–502(c)(1) is plainly not exhaustive with respect to potential penalties for violating school policies. It reads: "The school discipline policies shall [p]rescribe minimum and maximum penalties, *including* students' suspension or dismissal from school, for violations |₈of each of the aforementioned offenses and for violation of other practices prohibited by school discipline policies." (Emphasis added.) If the School District were permitted to impose only penalties that were expressly mentioned in the statute, as suggested by Koch, the word "including" in section 6–18–502(c)(1) would be rendered superfluous. We do not read the statutes to be so circumscribed, and we affirm on this point as well.

■■■■ Koch next contends that the circuit judge erred because the school district has other remedies available to enforce the rule against possession of cell phones. Koch urges that "taking and keeping the cell phones is not the least restrictive means of enforcing its prohibition on cell phones." Instead, Koch advocates that there is a "wide array" of punishments available, including nontraditional scheduling/assignments, suspension, and expulsion. Even if this court agreed that expulsion is a less restrictive means of enforcing the policy than confiscating the cell phone, and we do not, this court has long held that in Arkansas, "broad discretion is vested in the board of directors of each school district in the matter of directing the operation of the schools" and courts have "no power to interfere with such boards in the exercise of that discretion unless there is a clear abuse of it." *Safferstone v. Tucker,* 235 Ark. 70, 72, 357 S.W.2d 3, 4 (1962); *see also Price v. New York City Bd. of Educ.,* 51 A.D.3d 277, 855 N.Y.S.2d 530 (N.Y.App.Div.2008) (upholding a ban on cell phones at school because it is not the role of the courts to interfere where the policy was within the department's power). We likewise refrain from interfering with the School District's decision about the best punishments to employ to enforce the cell phone policy. We find no merit to this point.

■■■■ ₆Koch next claims that the circuit judge erred in dismissing his due-process claim without "allowing discovery and hearing evidence." Ebbs responds that Koch's brief on appeal is devoid of any legal authority in support of his argument. Adams adds that Koch's argument should be rejected out-of-hand because he fails to cite authority for the proposition that he had a property right in the cell phone while attending school and on school property. Adams further contends that Koch was not entitled to due process of law because he did not have a property or liberty interest in the cell phone he brought to school in violation of the discipline policy.

■■■■ As with his first point, Koch's due-process argument is underdeveloped and devoid of citation to authority. *See Hendrix v. Black,* 373 Ark. at 269, 283 S.W.3d at 593 ("[I]f the appellant's point is not apparent without further research, this court will not hear the matter."). Adams correctly notes that Koch assumes, without citation to authority, that he had a protected property interest in the cell phone at school that entitled him to due process. Having a property interest in the confiscated property is a clear prerequisite before due process attaches. *See, e.g.,*

*Williams v. Brushy Island Pub. Water Auth.,* 368 Ark. 219, 243 S.W.3d 903 (2006) (due process required before depriving one of a "significant" property interest); *see also Dobrovolny v. Moore,* 126 F.3d 1111, 1113 (1997) ("The possession of a protected life, liberty, or property interest is a condition precedent to the government's obligation to provide due process of law."). Because Koch has not developed the issue of whether he had the requisite property interest on school grounds, we will not address this point.

For his final point, Koch contends that the circuit judge erred in denying his motion for injunctive relief. Appellee Ebbs responds that the circuit judge did not err because Ebbs's actions were "wholly compliant with School District policy."[2] After detailing the parties' arguments and stating that "the Court agrees with Defendants' arguments that Plaintiff's complaint and First Amended Complaint failed to state facts upon which relief can be granted," the judge's order dismissed the complaints and said that "for the same reasons, Plaintiff's Motion for Injunctive Relief should be, and hereby is, denied in all respects." Koch has failed to show this court by cited authority or convincing argument why the circuit judge's order is erroneous. We conclude that Koch has again failed to develop this argument sufficiently for this court's consideration. *See, e.g., Hendrix v. Black,* 373 Ark. 266, 283 S.W.3d 590.

Affirmed.

---

2. Appellee Adams does not address this point on appeal.