Cite as 2020 Ark. App. 418

# ARKANSAS COURT OF APPEALS
DIVISION IV
**No.** CV-19-572

| | |
|---|---|
| IN THE MATTER OF THE ADOPTION OF E.R., K.R., AND G.R., MINORS | **Opinion Delivered:** September 23, 2020 |
| DANIELLE ROSE ROWE<br>APPELLANT | APPEAL FROM THE WHITE COUNTY CIRCUIT COURT [NO. 73PR-18-355] |
| V. | HONORABLE TOM HUGHES, JUDGE |
| | AFFIRMED |
| JAMIE RAY ROWE<br>APPELLEE | |

## RAYMOND R. ABRAMSON, Judge

In this one-brief appeal, appellant Danielle Rose Rowe appeals from the April 8, 2019 White County Circuit Court decree of adoption. The circuit court granted the petition of Danielle's ex-husband, Jamie Ray Rowe, for single-parent adoption of E.R., K.R., and G.R. In her pro se brief, Danielle raises several points, but we find no merit in any of her appellate arguments, and we affirm.

The parties divorced in 2017, and Kenneth Rowe, Jamie's father, was awarded a temporary guardianship over Danielle and Jamie's three minor daughters. In November 2018, Jamie filed a petition for single-parent adoption. In November 2018, Jamie filed a petition for single-parent adoption alleging that it would be in the best interest of the minor children. He also pleaded that Danielle's consent was not required pursuant to Arkansas Code Annotated section 9-9-208(a)(1) and Arkansas Code Annotated section 9-9-208(a)(2) as she had failed,

without just cause, to provide reasonable support and to maintain regular contact with the children for a period of at least one year.

Danielle filed her pro se answer on January 9, 2019.  On April 8, the White County Circuit Court held a hearing on Jamie's petition. The court heard testimony from Kenneth Rowe, Phyllis Rowe, Jamie Rowe, and Danielle Rowe. The circuit court then ruled from the bench:

> Today I've got to decide whether a single parent adoption should be granted. And in doing so I've got to make a decision as to whether Danielle Rowe should in effect have her parental rights terminated.  And further in making that decision, I have to give consideration to what is in the best interest of the children. Ms. Rowe has a history of addiction to methamphetamine. That started in 2006, and according to her own admissions extended at least until 2000 and—well , she said 18 but I think she meant last year which would have been 2019 [sic]. Ms. Rowe also has in addition to her history of drug difficulties other physical ailments which have led her to get a relatively modest Social Security payment each month because she can't really be expected to be employed in the workforce with the limitations she has. Those are limitations not related to the drug problem.
>
> The Court is mindful that this methamphetamine problem has existed for at least twelve years. And I also heard of various medications that Ms. Rowe has to take on a fairly frequent basis because of her other health problems, but she's doing it under— she's doing it under a physician's control. I don't make judgments about who are good people and who are bad people or what their intentions are or even what their motivations are. I just try to look at the situation in an objective fashion and decide to the best of my ability what the future indicates is likely to happen under various possible scenarios that I can affect by my decision.
>
> I find that Ms. Rowe is an unfit parent. This methamphetamine problem is certainly significant. . . . I believe it is in the best interest of the children based on the methamphetamine problem, the failure to pay child support as ordered by the Court, the minimal contact that has been had between the mother and child[ren], that the parental rights be terminated and that they are terminated. The single parent adoption is granted.

The court entered the decree of adoption on April 8, 2019, and Danielle now appeals from that order.

Before an adoption petition can be granted, the circuit court must find from clear and convincing evidence that the adoption is in the best interest of the child. *Newkirk v. Hankins*, 2016 Ark. App. 186, at 14–15, 486 S.W.3d 827, 835–36. We review the evidence de novo. *Id.*

Our court will not reverse a circuit court's decision regarding the best interest of a child to be adopted unless it is clearly against the preponderance of the evidence, giving due regard to the opportunity and superior position of the circuit court to judge the credibility of the witnesses. *Id.* We give great weight to a circuit court's personal observations when the welfare of young children is involved. *Id.*

The burden rests on the one seeking adoption to prove by clear and convincing evidence that adoption is in the child's best interest. *Id.* The ultimate determination of best interest is the primary objective of the circuit court in custody matters. *Id.*

Danielle's pro se brief is difficult to follow, but in essence, all her appellate points ask our court to reweigh the evidence in her favor. Her arguments require us to reassess the evidence and the witnesses' credibility. We have long held that we will not reweigh the evidence on appeal or second-guess the circuit court's credibility determinations. *See, e.g.*, *Westbrook v. Ark. Dep't of Human Servs.*, 2019 Ark. App. 352, at 5, 584 S.W.3d 258, 262. As such, we affirm.

Moreover, Danielle fails to cite any authority indicating that the circuit court erred in its findings. Appellate courts do not consider an argument when the appellant makes no convincing argument or cites no authority to support it. *See, e.g.*, *Hendrix v. Black*, 373 Ark. 266, 283 S.W.3d 590 (2008). We simply do not address issues on appeal that are not appropriately developed. *Id.*

To the extent that she now argues that her due-process rights were violated when the circuit court did not continue the hearing because she wanted to subpoena the DHS workers, she failed to present this argument to the circuit court, and it is therefore not preserved for our review. Our supreme court has repeatedly held that appellants are precluded from raising arguments on appeal that were not first brought to the attention of the circuit court. *Green v. State*, 365 Ark. 478, 231 S.W.3d 638 (2006). Issues raised for the first time on appeal will not be considered because the circuit court never had an opportunity to rule on them. *Id*. A party is bound by the scope and nature of the arguments made at trial. *Lewis v. Robertson*, 96 Ark. App. 114, 239 S.W.3d 30 (2006).

It is well settled that to preserve arguments for appeal, even constitutional ones, the appellant must obtain a ruling below. *City of Barling v. Fort Chaffee Redevelopment Auth.*, 347 Ark. 105, 123, 60 S.W.3d 443, 454 (2001) (citing *Barclay v. First Paris Holding Co.*, 344 Ark. 711, 42 S.W.3d 496 (2001); *Wilson v. Neal*, 332 Ark. 148, 964 S.W.2d 199 (1998)); *see also Ark. Wildlife Fed'n v. Ark. Soil & Water Conservation Comm'n*, 366 Ark. 50, 61, 233 S.W.3d 615, 622 (2006); *Carson v. Cty. of Drew*, 354 Ark. 621, 629–30, 128 S.W.3d 423, 429 (2003); *Doe v. Baum*, 348 Ark. 259, 277, 72 S.W.3d 476, 486 (2002). Because Danielle did not obtain a ruling on her due-process argument, it is not preserved for appeal. Accordingly, we must affirm.

Affirmed.

SWITZER and BROWN, JJ., agree.

*Danielle Rose Rowe*, pro se appellant.

One brief only.