Cite as 2022 Ark. App. 448

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV-21-312

| | |
|---|---|
| | **Opinion Delivered** November 9, 2022 |
| RALPH BRADBURY | APPEAL FROM THE PULASKI |
| APPELLANT | COUNTY CIRCUIT COURT, ELEVENTH DIVISION |
| V. | [NO. 60CV-11-5472] |
| EDWARD HARVEY, BONNIE HARVEY, AND MARVIN JONES | HONORABLE PATRICIA JAMES, JUDGE |
| APPELLEES | REVERSED AND REMANDED |

## BRANDON J. HARRISON, Chief Judge

This case returns to us almost six years after we dismissed the first appeal for lack of a final order. Ralph Bradbury appeals the grant of summary judgment in favor of Edward Harvey, Bonnie Harvey, and Marvin Jones.[1] He argues that the circuit court erred in finding that his claims against the defendants are barred by collateral estoppel. We reverse the circuit court's summary judgment.

I.

The demise of two trucking companies, Continental Express, Inc., and its sister entity, Arkansas Trucking, Inc., beget this case. Arkansas Trucking withheld federal payroll

---

[1]Edward Harvey died on 5 June 2017, and Bonnie Harvey was appointed as special administrator as the substituted party for Harvey to represent him in the litigation. For simplicity's sake, we continue to refer to them as "the Harveys" in this opinion, unless an order or argument specifically applies only to Bonnie Harvey.

taxes from wages paid to its employees but did not pay them to the federal government. Bradbury served as president of Continental, and the federal government held him responsible and assessed penalties against him. The total amount of the assessments was $799,966.66.

In November 2011, Bradbury sued the federal government seeking a refund and abatement of the assessments. Also in November 2011, Bradbury sued Continental, Arkansas Trucking, the Harveys, and Jones in the Pulaski County Circuit Court. The Harveys were principal shareholders of Continental; Edward Harvey was the owner of Arkansas Trucking; Jones was a financial and managerial consultant for Continental. At the defendants' request, the circuit court administratively stayed the state-court case while the federal-court case unfolded.

In his complaint before the United States District Court, Bradbury argued that he was not liable for the tax penalty and that the Harveys and Jones exercised financial control of Continental during the tax periods at issue. More specifically, Bradbury argued that the Harveys and Jones exercised financial control to his (Bradbury) exclusion and rendered him unable to make direct payments to the Internal Revenue Service. In other words: they boxed him in. Bradbury therefore disputed in federal court that he willfully failed to pay the required taxes. The government counterclaimed against Bradbury and sought to reduce its assessments to judgment. Bradbury and the government moved separately for summary judgment. The district court in due course held that Bradbury is a "responsible person" as a matter of federal tax law and "mostly" granted the government's motion. (The district court denied without prejudice the government's request to impose a precise penalty

amount that Bradbury owed.)[2]  The court also held, "Because the United States is entitled to judgment based on the material facts, both undisputed and taken in Bradbury's favor where disputes exist, Bradbury's motion for summary judgment . . . is denied."

The federal-court decision led the Pulaski County Circuit Court to dissolve the administrative stay in March 2015.  Once put back in motion, Bradbury's complaint in circuit court alleged multiple claims against the defendants, including breach of contract, breach of fiduciary duty, constructive fraud, and unjust enrichment.  For most of these claims, Bradbury alleged damages including, but not limited to, the amount of the taxes, penalties, and interest the IRS assessed against him.  The Harveys counterclaimed against Bradbury in state court, asserting that he breached his fiduciary duty by not ensuring that Continental paid all required taxes and obligations to the IRS and the State of Arkansas.  Jones also counterclaimed in ditto fashion.

In July 2015, Jones moved for summary judgment in circuit court.  He argued that Bradbury was attempting to relitigate the same issue that the federal court decided—namely, his responsibility for payment of the federal taxes and related fallout.  Jones said Bradbury's responsibility for the taxes had been decided and is final, so Bradbury is collaterally estopped from seeking relief in state court.  In August 2015, the Harveys filed their own motion for summary judgment and also pressed collateral estoppel.

---

[2]The term "person" includes "an officer or employee of a corporation, or a member or employee of a partnership who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs."  26 U.S.C. § 6671(b).  The statute imposes liability on any person who is required to collect, truthfully account for, or pay over the withheld taxes and willfully fails to do so.  *Arriondo v. United States*, 196 F. Supp. 3d 708 (S.D. Tex. 2016).

Bradbury responded that he had been found "a responsible person" but not "the responsible person" for the tax penalty. In his view, under statutory law and caselaw, (1) there may be more than one responsible person; (2) that in the federal case, he was barred from cross claims or third-party complaints against other responsible persons to allege any causes of action; and (3) he could seek relief against other potentially responsible persons in a separate action only after the federal case had concluded. In sum, Bradbury denied that he was barred from claiming against Jones or the Harveys in a state court involving torts.

On 15 October 2015, the circuit court granted summary judgment to the Harveys and Jones. The court's order states,

1. There is no genuine issue of material fact and Bonnie Harvey, Ed Harvey, and Marvin Jones are entitled to Summary Judgment in their favor as a matter of law.

2. The Summary Judgment Order of Honorable Price Marshall in the case of Ralph Bradbury v. United States of America, U.S. District Court, Eastern District of Arkansas, Western Division, Case No. 4:11–cv–810 ("Tax Case"), was entered by that Court on March 24, 2014. Thereafter, subsequent final Judgments of that Court were entered in the Tax Case. Those Judgments and the Summary Judgment Order are part of the record in the present Summary Judgment proceedings in this Court. There was no appeal from those findings and adjudications in the Tax Case and they are final.

3. The doctrine of *collateral estoppel* bars the claims of plaintiff, Ralph Bradbury, in the present case against Ed Harvey, Bonnie Harvey, and Marvin Jones, as a matter of law.

4. This finding is based upon all of the pleadings of record, with exhibits thereto, in connection with the Summary Judgment Motions and the argument of counsel at the hearing.

5. Defendants' Counterclaim against Ralph Bradbury for contribution is moot by reason of the Summary Judgment.

4

Bradbury timely appealed from this order on 12 November 2015. On November 30, the circuit court entered, upon Bradbury's motion, an order dismissing Continental and Arkansas Trucking without prejudice.

On 9 November 2016, this court dismissed the appeal without prejudice because there was no final order from the circuit court. *Bradbury v. Harvey*, 2016 Ark. App. 538. We noted that the order had not resolved the Harveys' counterclaim against Bradbury for an alleged breach of fiduciary duty.

On 27 February 2017, the circuit court, upon the Harveys' stipulation, dismissed their counterclaim against Bradbury without prejudice.

Though it is not clear why so much time passed, on 21 October 2020, Bradbury moved the circuit court to enter a Rule 54(b) certificate so he could proceed with the appeal that had been dismissed in 2016. As grounds for doing so, Bradbury explained that while the Harveys had nonsuited their counterclaim against him, Jones's counterclaim against him remained pending. Further, although the circuit court found the counterclaim moot in its October 2015 summary-judgment order, it was not dismissed; and Jones had declined to dismiss it. Bradbury argued that if a trial was held on the counterclaim, he would be "effectively prevented from utilizing any rights of contribution or offset as any defense against Marvin Jones because the issues were decided against the Plaintiff in the Summary Judgment. . . . Plaintiff should not have this hardship visited upon him and should be allowed to appeal."

On 19 April 2021, the circuit court essentially reissued the 2015 summary-judgment order with an attached Rule 54(b) certificate, stating in pertinent part,

9. The present case meets the standards required for Rule 54(b(1) Certification. It has not been the usual litigation. It has been an unusually protracted matter, which has created an unusual burden of hardship and injustice for the Plaintiff. In the present case, considering the context of the Defendants' Summary Judgment Motions, the Defendants argued that certain issues impacting their liability to the Plaintiff under rights of contribution were of first impression in the State of Arkansas. The Defendants correctly contended that there were no Arkansas cases dealing with Section 6672 of the IRS Code (Responsible Person Liability and Rights of contribution against others). Therefore, the cost and expense of a trial would not resolve those issues and they would survive a trial for subsequent appeal, whether on Plaintiff's Complaint or the Defendants' Counterclaims.

. . . .

11. Based upon these specific factual findings, the Court finds potential hardships or injustices likely to occur to the Plaintiff apart from the typical stress and expense of civil litigation and that there is no just reason for delay.

12. Defendants have filed no response to the Motion within the time allowed.

13. The Court hereby certifies, in accordance with Rule 54(b)(1) of the Arkansas Rules of Civil Procedure, that it has determined that there is no just reason for delay of the entry of a final judgment in this case and that the Court does hereby direct that the Amended Summary Judgment herein shall be certified as a final judgment.

Bradbury timely appealed from this Rule 54(b) order and certificate.

Summary judgment is appropriate when there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. *Koch v. Adams*, 2010 Ark. 131, 361 S.W.3d 817. On appeal, this court determines if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. *Id.* This court views the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Kyzar v. City of W. Memphis*, 360 Ark.

6

454, 201 S.W.3d 923 (2005). Our review focuses not only on the pleadings but also on the affidavits and documents filed by the parties. *Neal v. Sparks Reg'l Med. Ctr.*, 2012 Ark. 328, 422 S.W.3d 116. If there are no facts in dispute, our review focuses on the circuit court's application of the law to the facts. *See E B Mgmt. Co., LLC v. Houston Specialty Ins. Co.*, 2019 Ark. App. 294, 577 S.W.3d 408. We give the circuit court's conclusions of law no deference on appeal. *Id.*

## II.

Did the circuit court err by ruling that collateral estoppel barred Bradbury's state-law claims against Jones and the Harveys given the federal court's decision in the tax case between Bradbury and the federal government? The doctrine of collateral estoppel, or issue preclusion, bars the relitigation of issues of law or fact actually litigated by parties in the first suit. *Ark. Dep't of Hum. Servs. v. Dearman*, 40 Ark. App. 63, 842 S.W.2d 449 (1992). It is based on the policy of limiting litigation to one fair trial on an issue. *Id.* Collateral estoppel requires four elements before a determination is conclusive in a subsequent proceeding: (1) the issue sought to be precluded must be the same as that involved in the prior litigation; (2) that issue must have been actually litigated; (3) the issue must have been determined by a valid and final judgment; and (4) the determination must have been essential to the judgment. *Powell v. Lane*, 375 Ark. 178, 89 S.W.3d 440 (2008). The party against whom collateral estoppel is asserted must have been a party to the earlier action and must have had a full and fair opportunity to litigate the issue in that first proceeding. *Id.* Unlike res judicata, which acts to bar issues that merely could have been litigated in the first action, collateral estoppel requires actual litigation in the first instance. When determining whether an issue

7

has been actually litigated, we must look to see if the issue was properly raised and whether there was a full and fair opportunity to be heard. *Id.*

Bradbury argued in the federal litigation that the Harveys and Jones torpedoed his ability to remit the payroll taxes; and the district court decided his status as a "responsible person" under federal tax law. No decision by the federal court was made pursuant to any facet of Arkansas law. Bradbury basically says that the Harveys' and Jones's responsibility *to him* (Bradbury) was not litigated under federal law or state law. (Here it is worth recalling that the state court stayed its case during the federal litigation, and no party attempted, as far as we can see, to ask the federal court to take up state-law claims that might relate to the federal tax question under supplemental jurisdiction. *See* 28 U.S.C. § 1367.)

Further, Bradbury contends that he did not have a full and fair opportunity to litigate the issues he has raised in circuit court in the prior federal proceeding. In the federal case, he tested his own personal responsibility under § 6672 and was otherwise prohibited by law from bringing a claim for contribution. Pursuant to § 6672(d), any claim for recovery from other responsible persons may be made "only in a proceeding which is separate from, and is not joined or consolidated with (1) an action for collection of such penalty brought by the United States, or (2) a proceeding in which the United States files a counterclaim or third-party complaint for the collection of such penalty." An essential point to the federal court's judgment was that the Harveys and Jones failed to act with the requisite degree of obstructionism to absolve Bradbury of his responsibility under § 6672. Legal responsibility under a federal tax statute does not wipe away in tsunami fashion a person's state-law rights and duties nor the remedies available for tort liability when it is sufficiently proven. His

8

status as a responsible person was essential to the prior federal-court ruling that decided one's federal-tax liability to the United States. But appellees' liability to Bradbury under state law, if any, was not. Likewise, the determination of Bradbury's state claims for breach of contract, breach of a fiduciary duty, constructive fraud, deceit, civil conspiracy, promissory estoppel, unjust enrichment, contribution, and indemnification were not essential to the federal court's judgment.

Jones and the Harveys generally argue that the circuit court correctly decided that collateral estoppel bars Bradbury's claims because the issues necessary to prove his case were resolved against him in the federal case. They claim that Bradbury's liability for the tax penalty was litigated by the federal court, and there is no legal basis for Bradbury to avoid his liability as a result of the alleged statements or conduct of the Harveys or Jones.

In reply, Bradbury insists that neither Jones nor the Harveys have explained how the litigated issue (Bradbury's responsibility under § 6672) that resulted in the federal-court judgment precludes litigation of the separate issue of their responsibility in the present litigation for claims exclusive of § 6672. He notes that he has set forth new claims with differing standards of proof; for example, their misconduct in undercapitalizing Continental is the factual issue that Bradbury's claim for piercing the corporate veil seeks to litigate. In addition, his claims for breach of fiduciary duty, deceit, and constructive fraud, for example, may turn on specific conduct by other people and are alleged under different legal standards than were previously litigated in the federal tax-liability case in which only Bradbury and the United States were formal parties.

The circuit court erred in finding that Bradbury's claims in the present case are barred by collateral estoppel. An illustration is Bradbury's breach-of-contract claim in which he alleges that, during his employment, he had accrued vacation time that he did not use, that he was owed compensation for this vacation time upon his resignation, and that he had not been compensated by Continental as required by his employment contract. This claim was not litigated or even contemplated in the federal-court proceeding.

More generally, we agree with Bradbury's assertion that litigation of his status as a "responsible person" under § 6672 does not preclude his present state-law claims exclusive of § 6672. The claims presented in his complaint involve state-law remedies and were not litigated in the federal-court proceeding. We reverse the grant of summary judgment and remand for further proceedings.

Reversed and remanded.

BARRETT and MURPHY, JJ., agree.

*Randy Coleman, P.A.*, by: *Randy Coleman*, of counsel, *Jack Nelson Jones, P.A.*, for appellant.

*Watts, Donovan, Tilley & Carson, P.A.*, by: *David M. Donovan*, for separate appellee Marvin Jones.

*Barber Law Firm, PLLC*, by: *Robert Kenny McCulloch*, for separate appellees Bonnie and Edward Harvey.